## STRONG v. ANDROS.

CONTRACTS; STATUTE OF LIMITATIONS; ACKNOWLEDGMENT AND NEW PROMISE.

1. Under D. C. Code, sec. 1271, 31 Stat. at L. 1390, chap. 854, either an acknowledgment or new promise, if in writing is sufficient to remove the bar of the statute of limitations; both are not required.

2. An acknowledgment, to remove the bar of the statute of limitations, need not be in any particular form or contain any particular substance. (Following *Catholic University* v. *Waggaman*, 32 App. D. C. 318.)

3. A statement in writing by a debtor, made before the debt is barred by the statute of limitations, that when he becomes better settled he will make an effort to pay small monthly instalments on $100 of the amount claimed by his creditor, "until the debt has been liquidated," constitutes an acknowledgment of the debt to the extent of $100, and may be relied upon to prevent the bar of the statute. (Following *Flannery* v. *Maine Red Granite Co.* 3 App. D. C. 395.)

4. A statute of limitations, being a statute of repose, should receive a reasonable interpretation so as to effectuate the intent of the legislature; but it should not be construed so as to do violence to its terms and prevent a creditor from taking advantage of an acknowledgment fully intended to reach him and to influence his action.

5. Where an acknowledgment by a debtor, relied on to prevent the running of the statute of limitations, is made to a stranger, and it appears that it was the intention that the acknowledgment should be communicated to the creditor, it is just as effectual to defeat the running of the statute as though it had been made directly to the creditor or his authorized agent.

6. Where the creditor of a clerk in one of the Executive Departments writes to the head of the department to ascertain what course to pursue in order to collect a debt, and the debtor, in response to a requirement by his superior officer that he state what amount he will pay each month in liquidation of the claim, acknowledges the debt in writing to such superior officer, such acknowledgment is as effectual to defeat the running of the statute of limitations as if made directly to the creditor. (Construing D. C. Code, sec. 1271.)

No. 2034. Submitted December 13, 1909. Decided January 4, 1910.

HEARING of an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, on a special verdict, in an action upon a promissory note.    *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment for the defendant, Rufus E. Andros, appellee here. The suit was brought by the appellant, Robert J. Strong, upon a promissory note and an alleged new promise of payment, the sufficiency of which to prevent the bar of the statute of limitations is the sole question here.

The note, dated March 15th, 1904, was for $115, and, in the event of suit thereon, an attorney's fee of $10. On April 10th, 1905, the plaintiff wrote the Secretary of the Treasury, in whose department the defendant was employed, stating the conditions surrounding the loan for which the note was given; that payment had not been made, and that in an interview with the defendant he had declined to make any promise of payment. The letter

concluded: "I immediately interviewed Mr. Hills, the chief clerk, and this letter to you is upon his advice, and is for the purpose of ascertaining what course to pursue in order to collect said money due and owing to me. Will you kindly advise me, and greatly oblige," etc. The following indorsements were subsequently made upon this letter:

Respectfully referred to the Comptroller of the Currency, for investigation and report. The return of these papers is requested, with a written statement from Mr. Andros relative to the within-mentioned indebtedness.

(Signed)          W. H. Hills, Chief Clerk.

Respectfully referred to Mr. R. E. Andros, with request for written reply.

(Signed)          T. P. Kane, Deputy Comptroller.

This letter Andros returned to the Deputy Comptroller, with the written statement that Strong was a professional money lender, that the note was tainted with usury, and that he could not consider payment at that time. The original letter with defendant's statement was returned to the chief clerk of the department, who, in view of the affidavit of a witness, who was present when the loan was negotiated, that no usury was involved in the note, returned the letter to the Comptroller of the Currency, "with the request that Mr. Andros be required to submit a definite statement as to the amount he will pay each month in liquidation of the within claim of $115." The return of the papers was again requested. Thereupon Andros made the following affidavit:

"Personally appeared before me, a notary public, in and for the District aforesaid, Rufus E. Andros, who, being duly sworn, says that he has borrowed various sums of money aggregating between three and four hundred dollars from one Robert J. Strong, of Washington, District of Columbia, for which the rate of 5 per cent per month was charged; that the note of $115, on which the names of Thomas M. Fields and A. W. Wood-

bridge appear together as indorsers, is a note of that class. That said Andros received only $100, which was to be paid in three monthly instalments. For the use of this money for three months he was charged by said Strong the sum of $15, making the face of the note $115.

"That he has just been reinstated in the Treasury Department, and is not in a position at present to pay any part of the $100, but that, when he becomes better settled, he will make an effort to pay small monthly instalments on the $100 until the debt has been liquidated." The learned trial court instructed the jury to return a special verdict as follows:

"If the court determine that the alleged new promise, *viz.,* the affidavit of defendant executed April 15th, 1905, is sufficient in law, then our verdict is for the plaintiff for one hundred and ten (110) dollars, with interest on one hundred (100) dollars from March 15th, 1904, the amount claimed, but, if the court determine that the alleged new promise is insufficient, our verdict is for the defendant." Judgment was subsequently entered for defendant, from which this appeal was prosecuted.

*Mr. J. H. Adriaans* for the appellant.

*Mr. Lorenzo A. Bailey* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Sec. 1271 of the Code [31 Stat. at L. 1390, chap. 854] provides, *inter alia,* that, "in actions of debt or upon the case grounded upon any simple contract, no acknowledgment or promise by words only shall be deemed sufficient evidence of a new or continuing contract whereby to take any case out of the operation of the statute of limitations, or to deprive any party of the benefit thereof, unless such acknowledgment or promise shall be made or contained by or in some writing to be signed by the party chargeable thereby." It will be observed that the Code makes either an acknowledgment or promise sufficient to relieve the bar of the statute of limitations. Both are not re-

quired. "The acknowledgment need not be in any particular form or contain any particular substance." *Catholic University v. Waggaman,* 32 App. D. C. 318.

In *Walsh* v. *Mayer,* 111 U. S. 31, 28 L. ed. 338, 4 Sup. Ct. Rep. 260, it was held that the words, "We think you will run no risk in that time, as the property would be worth the amount due you if the building was to burn down," written in response to a letter from the creditor, asking that insurance be placed upon a building mortgaged to secure payment of the note, the amount of which was specified, constituted an acknowledgment of the debt, within the meaning of the statute of limitations of the state of Mississippi, which is identical in effect with ours. In *Flannery* v. *Maine Red Granite Co.* 3 App. D. C. 395, the debtor, while the debt was legally subsisting, stated to the creditor's superintendent, who sought to collect the debt, that "he did not have anything then to pay with, but he was likely to get a job at any time that he would make something out of, and he would then pay the notes." Held clearly sufficient "to relieve the claim of the bar of the statute, according to the decided current of authority." In the present case, when Andros made his affidavit that he had received $100 from the plaintiff, the debt was then legally subsisting. After stating that this sum was to be paid in three monthly instalments, the affiant continued that he had just been reinstated in the department, and when he became better settled he would "make an effort to pay small monthly instalments on the $100 *until the debt has been liquidated.*" Clearly this constituted an acknowledgment of the debt to the extent of $100. It was an unequivocal admission that $100 had been borrowed which had not been paid and which the debtor would make an effort to pay; hence to the extent of $100 it may be relied upon to prevent the bar of the statute. *Wetzell* v. *Bussard,* 11 Wheat. 309, 6 L. ed. 481.

It is earnestly contended, however, that this acknowledgment of the debt and promise to pay are of no avail to the plaintiff, because made to the Secretary of the Treasury, the official superior of the defendant, who, it is contended, was not authorized to act for the plaintiff. In several jurisdictions it has been

held that a promise or acknowledgment of a debt, although made to a stranger, is sufficient to prevent the bar of the statute. See 25 Cyc. Law & Proc. p. 1362. The weight of authority, however, is that an acknowledgment or promise must be made to the creditor or to someone acting for him, and that in making the acknowledgment or promise the debtor must have known, or have had reason to know, that it would be communicated to and influence the creditor. 2 Story, Eq. 1521A. The section of the Code under consideration does not require that the acknowledgment or promise shall be made to the creditor. Being a statute of repose it should receive a reasonable interpretation so as to effectuate the intent of Congress in enacting it, but, on the other hand, it should not be construed so as to do violence to its terms, and prevent the creditor from taking advantage of an acknowledgment fully intended to reach him and to influence his action. It can make no possible difference to the debtor whether his acknowledgment is to the creditor or to some third party. The test ought to be, and is, Did he make it intending or understanding that it would reach the creditor and influence him? This rule fully protects the debtor, because the statute requires the acknowledgment or promise to be in writing and signed by him. In this case the creditor made an unsuccessful effort to collect his claim from the debtor. Thereupon he interviewed the chief clerk of the department in which the debtor was employed, who, presumably in accordance with a rule or practice of the department, suggested that a letter be written to the Secretary. This suggestion was adopted, and in due course the letter, which was written for the declared "purpose of ascertaining what course to pursue in order to collect said money due and owing," with a request to be advised in respect thereto, was referred to the debtor, who was requested to prepare a written statement "relative to the within-mentioned indebtedness." The statement prepared in response to this reference was evasive, and contained neither an acknowledgment nor a promise to pay. The papers were again returned to the debtor for a more specific statement. Thereupon he made an affidavit, in which he unequivocally acknowledged an indebtedness of $100, which, when

he became better situated, he promised he would make an effort to pay. He knew, or should have known, that the department's action in requiring this definite statement was inspired by his creditor and for the creditor's benefit. The conclusion is irresistible that when he made this affidavit he had reason to understand, and did understand, that it would be transmitted to the creditor; as was in fact done. It is further apparent that this affidavit was calculated to influence, and that it did in fact influence, the action of the creditor.

In *DeFreest* v. *Warner,* 98 N. Y. 217, 50 Am. Rep. 657, the court in construing a statute to the same effect as ours said; "Where the acknowledgment is to a stranger, and it appears that it was the intention that the acknowledgment made to him should be communicated to and influence the creditor, it is just as effectual to defeat the statute of limitations as if it had been made directly to the creditor or his authorized agent." The same rule was announced in *Bachman* v. *Roller,* 9 Baxt. 409, 40 Am. Rep. 97. This rule is, we think, founded in reason and supported by authority. Indeed, we have found no case inconsistent therewith. We hold, therefore, that the court should have entered judgment on the verdict in favor of the plaintiff.

In accordance with the foregoing, the judgment must be reversed, with costs, and the case remanded, with directions to proceed in harmony with this opinion. *Reversed.*