## HAYDEN v. INTERNATIONAL BANKING CORPORATION.

### No. 4903.

Court of Appeals of District of Columbia.

Submitted March 3, 1930.

Decided May 5, 1930.

Petition for Rehearing Denied May 29, 1930.

108

Lucien H. Mercier, Jessie C. Adkins, and Frank F. Nesbit, all of Washington, D. C., for appellant.

L. H. Cake, J. F. Barnard, and P. E. Lesh, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and GORDON, Associate Justice of the Supreme Court of the District of Columbia.

GORDON, Associate Justice of the Supreme Court of the District of Columbia.

This is an appeal from a judgment of the Supreme Court of the District of Columbia on a finding and determination by the court as a matter of law, upon an agreed statement of facts, in an action upon a promissory note in the sum of $7,456.89 and interest, that the appellant within three years before the commencement of said action so acknowledged the indebtedness as to take the case out of the statute of limitations.

On November 15, 1920, appellee held appellant's two demand notes aggregating $6,-511.33 on which interest had accrued in the amount of $945.56. Appellant thereupon gave appellee his demand note on that date for the amount due in the sum of $7,456.89, with interest thereon at the rate of 8 per centum per annum.

On August 17, 1926, appellee brought suit on the note and appellant pleaded thereto the statute of limitations. By replication appellee set up that appellant had acknowledged in writing and promised to pay the indebtedness within three years next preceding the commencement of the suit.

The case was submitted below on stipulation as to the facts, which stipulation waived trial by jury; and the submission was made on the one issue, namely, whether the appellant had acknowledged in writing and promised to pay the indebtedness within three years next preceding the commencement of the suit.

The stipulation was to the effect that the several letters, seventeen in number which were thereto attached, were correct copies of the correspondence which passed between the parties; the first two letters being dated 1920, the same year the note was given, and the balance, fifteen in number, being dated from June, 1925, to May, 1926. This correspondence so introduced by stipulation was the only evidence in the case.

The following are the excerpts from the correspondence which appellee claims, remove the bar of the statute:

"We enclose herewith our demand note for $7,456.89, dated November 15, 1920, which we will appreciate your signing and returning to us at your earliest convenience.

"This is to cover two demand notes of $6,511.33; and, in addition, interest due of $945.56. * * *" (Letter to appellant November 9, 1920.)

"With reference to your demand note dated November 15, 1920, for $7,456.89 and interest, will you please advise us what the prospects are of your making a substantial payment on account." (Letter to appellant June 5, 1925.)

"We are requested by our New York friends to forward you the enclosed copy of their letter of the 5th June last, to which, they state, no reply has been received, probably on account of the fact that the original may have miscarried. * * *" (Letter to appellant August 20, 1925.)

"I am in receipt of a copy of a letter written me by you under date of June 5th and forwarded by your London Branch, the original having not yet reached me, asking me to advise you what the prospects are of my making a substantial payment on account in connection with your loan to me, amounting to six thousand odd dollars rather than $7,456.-89 as quoted in your letter, according to my recollection, secured by Seoul Mining Stock and in reply I beg to say that I am not in a position to do more than abide by the understanding arrived at at the time of the consummation of this loan originally and which was for the paying off of the loan by the application of the entire dividends received from the stock until such time as the loan might be liquidated." (Letter from appellant September 17, 1925.)

"With reference to your letter of September 17, we were much surprised at your statement regarding the payment of your loan. There is, of course, no basis for your contention, which carries its own answer, as no bank would make a loan under such conditions as you name.

"Regarding the amount, you have apparently forgotten you gave a new note which included $1,456.89 interest. * * *" (Letter to appellant October 16, 1925.)

"We have received from our correspondents in New York instructions to take action for the collection of your promissory note in favor of the Fidelity-International Trust Company for $7,456.89. Although the note is a demand note and we understand efforts have already been made by the holder to in-

duce you to pay it, without success, we do not wish to take action without first notifying you that payment is demanded and expected and without giving you an opportunity to call on us with a view to prompt payment. * * *" (Letter to appellant December 28, 1925.)

"You write of a note of mine in favor of the 'Fidelity-International Trust Company' and I can only say I know of no transaction on my part with this Company.

"On the other hand the International Banking Corporation does hold a note of mine for approximately the amount you mention * * * and I dare say it is the International Banking Corporation's note meant in your letter—if this is the case I beg to advise you that I am calling upon them today with regard to same. * * *" (Letter from appellant January 4, 1926.)

"With reference to our telephone conversation, I enclose copy of a letter dated November 9, 1920 which will probably refresh your memory in connection with note for $7,-456.89." (Letter to appellant January 6, 1926.)

"* * * I am continuing my efforts toward the consummation of a sale of property which, if consummated, will simplify my position considerably.

"In any event I shall call upon you at your office on my return to New York with the object of arranging with you about my note on the best terms possible. * * *" (Letter from appellant January 28, 1926.)

"I have your letter of the 18th instant, asking when you may expect to receive my promised call with regard to my note and in reply I can only say that I shall drop in to see you as soon as I return to the city. * * * But in the meantime I'm working constantly to get my things lined up, so that this is really not time lost. * * *" (Letter of appellant February 23, 1926.)

In determining whether there is an acknowledgment of the indebtedness or a promise to pay the same in writing sufficient to remove the bar of the statute of limitations, this correspondence must be considered as an entirety. Walsh v. Mayer, 111 U. S. 31, 4 S. Ct. 260, 28 L. Ed. 338; 37 C. J. 1127.

This court has uniformly held that an acknowledgment of a debt as a still subsisting personal obligation, as distinguished from a promise to pay, express or implied, is sufficient to avoid the bar of the statute, or, as it is sometimes said, that there is implied in law a promise to pay an acknowledged debt. In Cooper v. Olcott, 1 App. D. C. 123, 130, the court said:

"But it is argued that no specific indebtedness was mentioned or indicated, and that therefore the reference to it was too vague to constitute the foundation of a new promise. There was but one indebtedness. That one indebtedness was specifically and positively ascertained, and reduced into the shape of promissory notes. It was not necessary under such circumstances to specify amounts; for it is a maxim of law, applicable to such a condition of things, that 'that is certain which can be rendered certain.'

"It was testified by Olcott, that in a conversation with Hedrick in the year 1888, he (Olcott), with the advice and consent of Cooper, promised to pay to Hedrick on behalf of the firm the money due to him at any time that he should need it, even if they should have to sell stock to do it. And it is argued that this shows only a conditional promise, and that it does not appear that the condition has been performed. For it does not appear either that Hedrick has needed the money, or that stock has been sold to pay it. This is a mere trifling with words, that should have no place in a court of equity."

This court in Ruppert v. Bevans, 2 App. D. C. 298, 301, said:

"The acknowledgment of the debt, according to the testimony of the witness Weide, was of a nature, clearly, to take the case out of the operation of the statute of limitations.

"It was a distinct and unequivocal acknowledgment by the debtor, of the debt as a still subsisting personal obligation, from which an implied promise would arise. This, according to all the authorities, is all that is required to remove the bar of the statute, in the case of a simple contract debt, as in the present case. 'The legal effect of an acknowledgment of a debt barred by the statute of limitations,' says a late distinguished Vice-Chancellor of England, 'is that of a promise to pay the old debt, and for this purpose the old debt is a consideration in law. In that sense, and for that purpose, the old debt may be said to be revived. It is revived as a consideration for a new promise. But the new promise, and not the old debt, is the measure of the creditor's right. If a debtor simply acknowledges an old debt, the law implies from that simple acknowledgment a promise to pay it; for which promise the old debt is a sufficient consideration. But if the debtor promises to pay the old debt when he is able,

or by installments, or in two years, or out of a particular fund, the creditor can claim nothing more than the promise gives him.' Philips v. Philips, 3 Hare, 281, 299. And to the same effect are decisions of the Supreme Court of the United States, in cases taken up to that court from decisions made by courts of this District."

In Bean v. Wheatley, 13 App. D. C. 473, 481, this court said:

"But no set form of words is required to constitute an acknowledgment of the debt. Such acknowledgment may be inferred even from facts or acts, without words of express acknowledgment, as from part payment of the claim, or other clear and definite recognition of the present existence of the debt in suit. * * *

"Now, in this case, there does not appear to have been any question or dispute as to the original correctness of the plaintiff's account, but only a question as to the allowance of credits. When shown his accounts as posted in the ledger of the plaintiff, the defendant said, according to the testimony of the plaintiff, 'that he was willing to settle his account and to pay what he owed, but that he did not see where he had been given credit for $100, furnished the plaintiff to buy a horse'; and, upon having the credit pointed out to him in the account, the defendant, upon that occasion, made no further objection to the account and said nothing more about it, and left. But soon thereafter he reappeared and made claim for other or additional credit for the amount of * * * a certain erection upon the premises of the plaintiff. This was disputed by the plaintiff. The evidence given by the plaintiff, if believed by the jury, was certainly sufficient from which an implied promise could be raised to pay what was really due on the account posted in the ledger, that being the subject of the first interview."

These cases were decided prior to the enactment of the statute of limitations for the District of Columbia, and the court therein reviewed a number of the decisions of the Supreme Court cited and relied upon by the appellant.

It will be noted that section 1271 of the D. C. Code provides that either an acknowledgment of the debt or a promise to pay the same in writing signed by the party chargeable is sufficient to remove the bar of the statute of limitations, and this court in a number of occasions has so construed said section.

The court in Hornblower v. George Washington University, 31 App. D. C. 64, 73, 14 Ann. Cas. 696, said:

"A number of cases, English and American, are cited by counsel for plaintiffs in support of the claim that the letter written by President Needham should operate to stop the running of the statute of limitations in favor of the defendant corporation. A careful examination of the decisions cited discloses that in each case the writing relied upon acknowledged a debt due from the writer. This seems to be the test. There must be some statement that is equivalent to an acknowledgment of indebtedness."

Again in Catholic University of America v. Waggaman, 32 App. D. C. 307, 318, Mr. Justice Van Orsdel said:

"In this District (Code, sec. 1271 [31 Stat. at L. 1390, chap. 854]) it is not required, as in some jurisdictions, that there shall be both an acknowledgment of the debt and a promise to pay in writing, to remove the bar of the statute of limitations. The acknowledgment need not be in any particular form, or contain any particular substance. It is sufficient if the writing be such that the admission of the debt as a subsisting one, and the willingness to pay, may be reasonably inferred. The acknowledgment need not be express, but may be inferred from the facts or acts of the debtor. It must, however, be distinct, unqualified, and unconditional, and must refer to a present existing debt."

In Strong v. Andros, 34 App. D. C. 278, 281, 19 Ann. Cas. 101, the court quoted section 1271 of the Code and said:

"It will be observed that the Code makes either an acknowledgment or promise sufficient to relieve the bar of the statute of limitations. Both are not required. 'The acknowledgment need not be in any particular form or contain any particular substance.' Catholic University v. Waggaman, 32 App. D. C. 318."

And again in Green v. Reeves, 47 App. D. C. 85, 86, the court, citing prior decisions of this court, said:

"A distinct and unequivocal acknowledgment by the debtor of the debt as a still subsisting personal obligation constitutes an implied promise to pay it, and this, 'according to all the authorities, is all that is required to remove the statute in the case of a simple contract. * * * *'"

It is admitted that appellant gave his promissory note, dated November 15, 1920,

payable on demand, for the principal sum sued for, payable to the order of the Fidelity-International Trust Company, which was indorsed to the present holder, the International Banking Corporation, and that note was given in renewal of two demand notes of appellant held by appellee, which with interest then accrued amounted to $7,456.89. Nor can there be any question that when appellee wrote appellant on June 5, 1925, "with reference to your demand note dated November 15, 1920, for $7,456.89 and interest," and asked to be advised as to the prospects of appellant making a substantial payment on account, the note in suit was referred to.

There is but one note that is the subject of all the correspondence, and that is the note in suit.

Appellant in his letter of September 17, 1925, replying to the letter of June 5th, quotes the precise inquiry made to him "what the prospects are of my making a substantial payment on account in connection with your loan to me amounting to six thousand odd dollars rather than $7,456.89 as quoted in your letter, according to my recollection, secured by Seoul Mining Stock," and says he is not in a position to do more than abide by the understanding at the time the loan was originally made of paying from the dividends of the stock; and in response to appellee's letter of December 28, 1925, demanding payment of the note for $7,456.89, he, by letter of January 4, 1926, acknowledges that the appellee does hold his note for approximately the amount mentioned, and says, "I dare say it is the International Banking Corporation's note meant in your letter—if this is the case I beg to advise you that I am calling on them to day with regard to the same." On January 6, 1926, appellee with its letter of that date inclosed a copy of the letter of November 9, 1920, for the purpose of refreshing the appellant's memory in connection with the note for $7,456.89, and by letter of January 28, 1926, appellant advises the appellee that he was continuing his efforts to sell some property and that if he did it would simplify his position considerably, and that he would call at appellee's office "with the object of arranging with you about my note on the best terms possible."

By these writings appellant acknowledged the debt in suit as a still subsisting personal obligation, and that constitutes an implied promise to pay, and is sufficient to remove the bar of the statute of limitations.

The judgment is affirmed.