STERN EQUIPMENT COMPANY, Inc., trading as Abram E. Stern Company, Inc., a body corporate, Appellant,

v.

Florine POGUE, Appellee.

No. 1687.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 27, 1955.

Decided Oct. 27, 1955.

Rehearing Denied Nov. 28, 1955.

Charles B. Sullivan, Jr., Washington, D. C., for appellant.

William S. Thompson, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Stern Equipment Company sued Mrs. Florine Pogue in replevin for return of certain restaurant equipment allegedly sold to her in 1946. In her answer defendant denied that she had ever had any contractual relations with plaintiff and denied that she had ever signed any conditional sales agreement with plaintiff or authorized anyone to sign such for her. She also pleaded limitations. From a finding in favor of defendant, plaintiff appeals.

At the trial plaintiff offered in evidence a conditional sales agreement bearing the purported signature of Florine Pogue, but offered no proof that such was her signature; nor did plaintiff produce the employee who had handled the transaction with her. When defendant took the stand she categorically denied that the signature was hers. Clearly there was no error in

accepting defendant's uncontradicted testimony that she had not signed the contract.

Plaintiff's ledger sheet bore the names of James W. and Florine Pogue, and there was evidence that bills were sent in the names of both. But Mrs. Pogue testified that her husband was the owner of the business and that she had never bought anything from plaintiff. This too presented a factual question, and we cannot say it was incorrectly decided.

■ We turn to the question of limitations. The alleged conditional sales contract was purportedly under seal, and if so, was subject to a twelve-year period of limitations. Code, § 12–201. But when it was shown that defendant had never signed the contract plaintiff's claim could rest on nothing more than a simple contract of purchase, as to which the Code section just cited fixed a three-year limitation.

Plaintiff's ledger card showed that the merchandise was sold in January 1946, and that a payment by check was made that same month. The next credit entry in February 1946 shows "cash on water cooler" $30.00. (The entry after that shows December 31—"Notes" $644.75, but it appears that such amount was not actually credited on the account.) This suit was not filed until March 1953, which was seven years after the last dated credit memo on plaintiff's ledger. There does appear on the ledger an undated "cash" credit of $200. But the only evidence as to the date of that payment was that it was made "some years later." This was vaguely identified as being at the time that an earlier replevin suit was filed, but there was no attempt to show what year that had happened. Thus the date of the alleged payment on account was not proven, but was left in a wide area of speculation.

■ A plaintiff who is pressing a claim, which on its face is barred by limitations, and who claims an acknowledgment or new promise in the form of a part payment has the burden of proving such fact. Tendler v. L. E. Massey, D.C.Mun.App., 33 A.2d 626; Rossiter v. National Savings & Trust Co., D.C.Mun.App., 46 A.2d 540. Obviously a part of that burden is to establish the date of the payment or new promise, for if it was not made within three years of the date of filing of suit, it can have no effect on the defense of limitations. It cannot be said that the burden was met in this case by presenting a ledger sheet which showed no date of last payment, and giving the court no further help on the subject. Not by such negative means can a plaintiff breathe new life into a claim which has expired by limitations.

Affirmed.