Howard DULBERGER, Appellant,

v.

Albert C. LIPPE, Appellee.

No. 3510.

District of Columbia Court of Appeals.

Argued July 6, 1964.

Decided July 31, 1964.

Motion for Modification of Judgment Denied Sept. 10, 1964.

---

1. During the interim period appellant was released on bail.

Walter M. Nicholson, Jr., Washington, D. C., for appellant.

George R. Douglas, Jr., Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This was a suit by appellee to recover the balance due on a personal loan. The loan was made on April 21, 1960, and suit was brought on September 25, 1963. The sole question for our determination is whether the claim was barred by the statute of limitations. Code 1961, § 12–201 as amended, § 12–301 (Supp. III, 1964).

The complaint alleged an indebtedness of $520.27 plus interest "since about July 1960 for moneys used and advanced." Appellant's motion to dismiss on the basis of the statute of limitations was denied, the trial court ruling that "the question of limitations was a mixed question of fact and law and that the cause must proceed to trial and evidence be taken." Pretrial discovery elicited admissions from appellant that he signed a document on April 21, 1960, acknowledging receipt of $1,061.26 from appellee and that he promised repayment. Appellant admitted that he had made payments totaling approximately $540.99. At trial appellee testified that part payments were received from appellant at various intervals between April 21, 1960, and August 16, 1963. Appellee filed a ledger sheet showing the amounts received in part payment and the corresponding dates.

The general rule is that part payment on a debt or obligation interrupts or tolls the statute of limitations. 54 C.J.S. Limitations of Actions § 321. In this jurisdiction, a plaintiff who is pressing a claim which on its face is barred by limitations has the burden of proving an acknowledgment or new promise in the form of part payment. Stern Equipment Company v. Pogue, D.C.Mun.App., 117 A.2d 447, 448 (1955); Tendler v. L. E. Massey, D.C.Mun.App., 33 A.2d 626, 628 (1943).

Considering the circumstances outlined above, we hold appellee satisfied his burden and that the motion to dismiss was properly denied.

Affirmed.