**CUNNINGHAM & ASSOCIATES,**
Appellant,

v.

Richard W. DUGAN and Ernst
& Young, Appellees.

No. 94–CV–500.

District of Columbia Court of Appeals.

Submitted May 17, 1995.

Decided Dec. 30, 1996.

Joseph F. Cunningham, Alexandria, VA, for appellant.

Daniel M. Gray, Falls Church, VA, for appellee.

Before WAGNER, Chief Judge, and TERRY and RUIZ, Associate Judges.

RUIZ, Associate Judge:

Cunningham & Associates, a law firm, appeals from a dismissal of its claim against Richard Dugan and Ernst & Young, accountants for whom Cunningham performed legal services. Because Cunningham failed to sue Ernst & Young within the three-year statutory period imposed by D.C.Code 12–301(7) (1995), we affirm the judgment of the trial court.

The facts are simple and undisputed. Cunningham performed services for Ernst & Young, of which Richard Dugan was the managing partner. These services were fully rendered by December, 1990, at which time Cunningham billed Ernst & Young for its fee. According to a complaint filed in February, 1994, Ernst & Young never paid Cunningham over $23,000 of its legal fee. D.C.Code 12–301(7) places a three-year limitation on actions to recover for a simple breach of contract.

Cunningham makes three arguments as to why the statute of limitations did not begin to run until September 27, 1991: 1) the cause of action did not accrue until breach by nonpayment occurred, which he

claims is the date of the last payment, September 27, 1991; 2) under the discovery rule, Cunningham's cause of action did not accrue until Cunningham knew, or reasonably should have known, of Ernst & Young's breach by nonpayment, which was the same date, September 27, 1991; and 3) Cunningham issued an "account stated" on September 12, 1991.[1]

■■■■■ It is a long-established principle of law that fees for services rendered, in the absence of an agreement to the contrary, are due and payable at the time performance is completed or of breach by one of the parties. *Sears, Roebuck & Co. v. Goudie,* 290 A.2d 826, 830 (D.C.), *cert. denied,* 409 U.S. 1049, 93 S.Ct. 523, 34 L.Ed.2d 501 (1972); *Dawson v. Drazin,* 223 A.2d 375, 377 (D.C.1966); *Howard Univ. v. Cassell,* 75 U.S.App. D.C. 75, 78, 126 F.2d 6, 9 (1941). The parties agree that Cunningham last rendered services before December, 1990, and that payment was then due.[2] Therefore, the statute of limitations ran no later than December, 1993.

■■■■ Cunningham is not assisted in this matter by the "discovery rule," which states that an action accrues at the time that the injury is, or should have been, discovered. *See Ehrenhaft v. Malcolm Price, Inc.,* 483 A.2d 1192, 1201–03 (D.C. 1984); *Burns v. Bell,* 409 A.2d 614, 617 (D.C.1979). The cases articulating that rule, overwhelmingly medical or other professional malpractice cases, rely on the fact that prior to the discovery of the injury, there was no known claim upon which a putative plaintiff could sue. *Ehrenhaft, supra,* 483 A.2d at 1201–03 (describing the evolution of and rationale for the doctrine). Here, there can be no such assertion. Cunningham knew at the time that it rendered its bill that Ernst & Young had an obligation to pay. Within a number of months—and well within the three-year limitations period—Cunningham knew that Ernst & Young had not performed its part of the agreement, which was to pay Cunningham. *Fowler v. A & A Co.,* 262 A.2d 344, 347 (D.C.1970) (holding that action arises where one has "receiv[ed] something 'substantially less or different from that for which he bargained'") (citation omitted). Cunningham's failure to bring an action within the three-year period following completion of its services was at its own peril, and was not due to Cunningham's inability during that time to ascer-

1. Cunningham does not argue that the two payments made by Ernst & Young in September 1991 were partial payments that constituted an acknowledgment of debt or a promise to pay. To the contrary, Cunningham's argument in the trial court and in this court has been that by paying only part of the invoiced amount, Ernst & Young *disavowed* that it owed to Cunningham the disputed amount, thereby breaching its contractual obligation. Cunningham's explanation of the facts alleged in the complaint therefore is antithetical to the legal theory—that Ernst & Young *acknowledged* the debt—that our dissenting colleague would apply to defeat Ernst & Young's statute of limitations defense. *See* 5A CHARLES WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE 1364, at 475–481 & nn. 40, 43–44 (2d ed. 1990 & 1994 Supp.). Thus, because that issue is not before us, we do not address it or the related issue, also not posed to this court, whether Cunningham's factual proffers regarding the amounts and dates of Ernst & Young's payments, made in Cunningham's opposition to Ernst & Young's motion to dismiss, should have led the trial court to treat Ernst & Young's motion as one for summary judgment rather that to dismiss for failure to state a claim. *See generally* Super. Ct. Civ. R. 12(b) (citing Super. Ct. Civ R. 56).

2. Although not alleged in the complaint, evidence Cunningham proffered in its opposition to Ernst & Young's motion to dismiss showed that Cunningham billed Ernst & Young for the full amount of its services on December 1, 1990.

tain that it had a claim against Ernst & Young.[3]

Cunningham asserts that compliance with this principle will require providers of professional services to file a complaint for damages with each bill for services rendered. We do not share Cunningham's concern: compliance with this principle would only require that a complaint for damages be filed within three years of the services and initial billing.

■ By arguing that it should not be bound by the statute of limitations because Ernst & Young did not signal with sufficient clarity that it intended to breach its part of the bargain until it made its final payment on September 27, 1991, Cunningham appears to claim that until that point, Ernst & Young "lulled" Cunningham into believing that it would be paid. Even assuming Cunningham's claim to be true, the "lulling" doctrine does not create a delay in the *accrual* of an action, but merely estops the assertion of a statute of limitations defense where the defendant lulled the plaintiff into inaction for the full statutory period. *Howard University, supra,* 75 U.S.App. D.C. at 81, 126 F.2d at 12 (citing *Glennan v. Lincoln Inv. Corp.,* 71 App.D.C. 365, 110 F.2d 130 (1940); *Thompson v. Park Sav. Bank,* 68 App.

D.C. 272, 96 F.2d 544 (1938)). Thus here, as in *Howard University,* even if there had been any "lulling," Cunningham "had ample time and opportunity to bring [t]his suit before the bar of the statute fell." *Id.*

*Affirmed.*

WAGNER, Chief Judge, dissenting:

A *de novo* review of the record, which we are obligated to conduct,[1] leads inescapably to the conclusion that reversal is required because Ernst & Young is not entitled to judgment as a matter of law before answer on its defense of limitations. The undisputed facts of record show that on December 1, 1990 and September 12, 1991, Cunningham rendered to Ernst & Young a statement for the balance claimed due for services in the amount of $78,382.63 and that Ernst & Young made two payments by check on the debt thereafter. Ernst & Young made one payment on September 12, 1991 for $19,993.36, and the other, on September 27, 1991 for $34,940.30. Cunningham filed the complaint for the remaining balance of its claim on February 23, 1994, which is within the three year statutory period of limitations. *See Stern Equipment Co. v. Pogue,* 117 A.2d 447, 448 (D.C.1955) (citations

---

3. Cunningham also relies on the "account stated" doctrine to assert that the statute of limitations does not bar its action. This doctrine would commence the running of a limitations period at the time that an accounting, or bill, was rendered. We reject this argument because it was not made to the trial court, and thus cannot be considered except to prevent a "clear miscarriage of justice." *Cannon v. District of Columbia,* 569 A.2d 595, 596–97 (D.C.1990); *District of Columbia v. Bethel,* 567 A.2d 1331, 1334 (D.C.1990). Even if we were to consider this argument, we would uphold the trial court's dismissal of Cunningham's action because Cunningham did not file its complaint within three years of Cunningham's final bill, but only within three years of resubmitting an identical bill to Ernst

& Young nine months after the services were fully performed. A statute of limitations cannot be unilaterally extended by a plaintiff making a new demand for payment when initial demands for payment have been unsuccessful.

1. *Osei–Kuffnor v. Argana,* 618 A.2d 712, 713 (D.C.1993)("[O]ur review of the grant of judgment for failure to state a cause of action under Super. Ct. Civ. R. 12(b)(6) is *de novo.*") Assuming that the trial court treated the motion as one for summary judgment, upon review, this court conducts an independent review of the record to determine whether the ruling was warranted. *Lee v. Jones,* 632 A.2d 113, 115 (D.C.1993).

omitted). It has long been the law in this jurisdiction that "[s]uch 'part[ial] payment on a debt or obligation interrupts or tolls the statute of limitations.'" *Feldman v. Gogos*, 628 A.2d 103, 105 (D.C.1993) (citing *Dulberger v. Lippe*, 202 A.2d 777, 778 (D.C.1964)) (other citation omitted); *Stern Equipment Co.*, 117 A.2d at 448; *see also Jenkins v. Karlton*, 329 Md. 510, 620 A.2d 894, 905 (1993) (acknowledgement of the debt prior to the expiration of the period of limitations "both tolls the running of limitations and establishes the date of the acknowledgement as the date from which the statute will now run").[2] Indeed, it is provided by statute that either the acknowledgment of a debt or a promise to pay it in writing by the party to be charged is sufficient to remove the bar of the statute of limitations. D.C.Code 28–3504 (1996); *Dulberger*, 202 A.2d at 778 (citations omitted).

Since we cannot say on this record that Cunningham "'can prove no set of facts in support of [its] claim which would entitle [it] to relief,'" reversal is required. *Vicki Bagley Realty, Inc. v. Laufer*, 482 A.2d 359, 363 (D.C.1984) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *McBryde v. Amoco Oil Co.*, 404 A.2d 200, 202 (D.C.1979) (citations omitted). The result is the same under the summary judgment standard because Cunningham's "legal theory . . . remains viable under the asserted version of the facts."[3] *Lee v. Jones*, 632 A.2d 113, 115 (D.C.1993); *Nickens v. Labor Agency of Metro. Washington*, 600 A.2d 813, 816 (D.C.1991) (To prevail on a motion for summary judgment, "[t]he moving party has the burden of demonstrating the absence of material disputed issues *and the right to judgment as a matter of law.*") (emphasis added).

The majority states as its reason for declining to consider the effect of Ernst & Young's partial payment on the limitations question that Cunningham did not argue the point.[4] However, Cunningham argued

---

2. The bar to the defense of limitations under the theory of tolling differs from the operation of an estoppel created by other actions of a contracting party which lull the other party into inaction for a limited period of time. *See Dilbeck v. Murphy*, 502 A.2d 466, 470 (D.C. 1985). Where the estoppel theory applies, "[i]f ample time to file suit within the statutory period exists after the circumstances inducing delay have ceased, there is no estoppel against pleading the bar of the statute." *Property 10–F, Inc. v. Pack & Process, Inc.*, 265 A.2d 290, 291 (D.C.1970). On the other hand, an acknowledgment of the debt, which can occur by partial payment, is regarded as "an implied promise to pay, and is sufficient to remove the bar of the statute of limitations." *Hayden v. International Banking Corp.*, 59 App.D.C. at 313, 41 F.2d 107 (1930). Under those circumstances, the old debt "may be said to be revived." 59 App.D.C. at 315, 41 F.2d at 109. The period of limitations runs from the date of the acknowledgment. *See Stern Equipment Co., supra*, 117 A.2d at 448; *Jenkins, supra*, 620 A.2d at 905.

3. Prior to answer, Ernst & Young filed its motion to dismiss under Super. Ct. Civ. R. 12(b)(6). Such motions test the legal sufficiency of the complaint. *Aronoff v. Lenkin Co.*, 618 A.2d 669, 684 (D.C.1992). Generally, when matters outside the pleadings are presented and considered by the court, the motion is treated under Super. Ct. Civ. R. 56 as one for summary judgment. *American Ins. Co., v. Smith*, 472 A.2d 872, 874 (D.C.1984). In this case, Cunningham filed copies of its statement and Ernst & Young's cancelled checks in support of its opposition to the motion. We have also said that motions which raise an affirmative factual defense are not properly made under Rule 12(b)(6). *Id.* It makes no difference to the outcome whether the motion was decided under Rule 12(b)(6) or Rule 56. Under either standard, Cunningham is entitled to have its claim heard on the merits.

4. See Majority op. at 1002.

repeatedly in the trial court and on appeal that the statute of limitations did not begin to run until the date of Ernst & Young's last payment on the debt. In opposition to the motion to dismiss, Cunningham asserted:

In September of 1991, Ernst & Young provided Cunningham & Associates with two checks. The first check was dated September 12, 1991 and was in the amount of $19,993.36 and the second check was dated September 27, 1991 and was in the amount of $34,940.30. After the two payments there remained an outstanding balance of $23,448.97. Despite subsequent timely statements, bills and requests for payment of the outstanding balance by Cunningham & Associates, Ernst & Young failed to pay for the legal services provided.

It was not until September 27, 1991, when Ernst & Young issued its last payment and refused to remit further payments on the outstanding remaining balance, did a breach occur and the statute of limitations begin to run. Only following receipt of Ernst & Young's September 27, 1991 check, and upon Cunningham & Associates subsequent requests for payment, did the plaintiff's cause of action accrue. It was only at this time that plaintiff[s] had a cause of action that could be maintained to successful conclusion.

Cunningham made other references in its pleading in the trial court that the statute of limitations did not commence to run until Ernst & Young's last payment.[5] Cunningham makes the same arguments in its brief on appeal, including distinguishing its case from *Howard, supra* note 5. Cunningham also argues that

prior to the partial payment by Ernst & Young in September of 1991, Cunningham & Associates had no reason to believe the total outstanding balance would not be paid. To the contrary, Ernst & Young was paying on the contract through September of 1991, leading Cunningham & Associates to believe it *was* going to be paid in full.

In light of these arguments, it cannot be said that Cunningham failed to preserve the issue in the trial court or to raise the argument on appeal. Cunningham adequately alerted the trial court to the facts and legal theory which preclude the entry of judgment for Ernst & Young as a matter of law before the filing of an answer to the complaint.

In spite of the controlling law which precludes judgment in favor of Ernst & Young, the majority would affirm the ruling in its favor solely because Cunningham did not characterize the partial payments as an "acknowledgment or a promise to

---

**5.** In addition, Cunningham distinguished his case from the ruling in *Howard Univ. v. Cassell*, 75 U.S.App. D.C. 75, 81, 126 F.2d 6, 12 (1941) where dismissal of a complaint was held warranted because of limitations, in part because "the [defendant] never acknowledged the correctness of the claim or that it owed anything or that it would pay anything." In that connection, Cunningham argued:

Unlike *Howard*, in the present action there was no indication that Ernst & Young would not pay the entire balance owed Cunningham & Associates prior to September of 1991. The billing period was *not*

marked by an attitude of question by Ernst & Young. There was no active opposition to payment similar to *Howard*. Unlike the plaintiff in *Howard*, Cunningham & Associates had no indication prior to September 27, 1991 that Ernst & Young would not pay the entire balance due. It was only evident that Ernst & Young would not fulfill its obligation to pay in full, at the earliest, after September 27, 1991. Unlike the plaintiff in *Howard*, Cunningham & Associates brought this action within three years of when it became evident that the outstanding balance would not be paid in full.

pay." [6] While Cunningham does not use these particular words, it repeatedly argues, consistent with our law, that the date of the last partial payment establishes the date from which the statute of limitations commences under the circumstances. *See Feldman, supra,* 628 A.2d at 105 (Allegation of two partial payments within three years of filing complaint permits litigation of limitations defense on the merits.); *Stern, supra,* 117 A.2d at 448 (Plaintiff's burden is to establish that part payment was made within three years of filing suit to have effect on limitations.); *Dulberger, supra,* 202 A.2d at 778 (Part payment on debt interrupts or tolls the statute of limitations.). Part payment is simply a form of a new promise which the law recognizes as tolling the statute of limitations. *Dulberger, supra,* 202 A.2d at 778; *Stern, supra,* 117 A.2d at 448. Cunningham argued that the date of the last partial payment was controlling for limitations purposes. Thus, he argued one of the theories which would defeat Ernst & Young's assertion of the limitations defense under *Feldman, Dulberger,* and *Stern.*[7]

The majority takes the position that Cunningham's claim that Ernst & Young did not breach its obligation to pay until it failed to make further payment after September 27, 1991 is antithetical to the theory of acknowledgment because such refusal to pay constitutes a *"disavowal."* This reasoning is flawed for at least two reasons. First, a promise in the form of a partial payment is a separate and distinct theory from acknowledgement. Either occurrence will toll the statute of limitations. *Hayden, supra,* 59 App. D.C. at 316, 41 F.2d at 110. Cunningham argued that the

period of limitations commenced after the partial payment in this case. Second, to the extent that the majority is of the view that Cunningham took the position that Ernst & Young *"disavowed"* the obligation at any time before its last payment on the debt, it is simply mistaken. To the extent the majority claims that the disavowal occurred thereafter, it is irrelevant to determining the period of limitations. Cunningham claimed that up until the last payment Ernst & Young did not dispute the debt. It stated that:

> [t]he billing period was *not* marked by an attitude of question by Ernst & Young. There was no active opposition to the payment.... Cunningham & Associates had no indication prior to September 27, 1991 that Ernst & Young would not pay the entire balance due. It was only evident that Ernst & Young would not fulfill its obligation to pay in full, at the earliest, after September 27, 1991.

Of course, Cunningham filed suit within three years of that date.

The statute of limitations is an affirmative defense which the party asserting it must allege and prove. *Feldman, supra,* 628 A.2d at 105 (citations omitted); *Norfleet v. Rosen,* 539 A.2d 1089, 1091 (D.C. 1988); *Whitener v. Washington Metro. Area Transit Auth.* 505 A.2d 457, 458 (D.C.1986). Ernst & Young's efforts to establish the affirmative defense of limitations before filing its answer were defeated by Cunningham's showing in the trial court of facts that preclude Ernst & Young from prevailing on that claim. Nevertheless, the trial court ruled as a matter of law that Cunningham had asserted no

---

**6.** See Majority op. at 1002, n. 1.

**7.** The District of Columbia, unlike some other jurisdictions, makes either the acknowledgment of a debt or a promise to pay it suffi-

cient to toll the statute of limitations. *Hayden, supra,* 59 App.D.C. at 316, 41 F.2d at 110 (citing *Strong v. Andros,* 34 App.D.C. 278, 281 (1910)) (interpreting predecessor statute).

facts which would "estop [Ernst & Young] from asserting [the limitations] defense." In so ruling, the trial court clearly erred, thereby depriving Cunningham of an opportunity to have its claim heard on the merits. Upon our independent review of the record, we are not at liberty to ignore the facts of the record and the controlling law which entitles Cunningham to have its case heard on the merits. For these reasons, I respectfully dissent from the opinion of the court.