McLeese, Associate Judge,
concurring in the judgment in part and dissenting in part:
Although I agree with the court’s decision to vacate the dismissal of Mr. Boyd’s claim of unjust enrichment, I would also vacate the dismissal of Mr. Boyd’s other claims. I therefore respectfully dissent in part.
As the court notes, a motion to dismiss must be denied as long as the complaint “state[s] a claim to relief that is plausible on its face.” Poola v. Howard Univ., 147 A.3d 267, 276 (D.C. 2016) (internal quotation marks omitted). “If a complaint’s factual allegations are sufficient, the case must not be dismissed even if the court doubts that the plaintiff will ultimately prevail.” Id. (internal quotation marks omitted). The trial court dismissed Mr. Boyd’s claim of breach of implied-in-fact contract against Kilpatrick Townsend on the ground that Kilpatrick Townsend “was not advised about [Mr. Boyd’s] expectation to be paid for his lobbying services.” The court affirms that ruling on the somewhat different ground that the complaint did not adequately allege that Kilpatrick Townsend’s co-counsel, Mr. Gingold, was acting as an agent for Kilpatrick Townsend. Ante at 83. I would vacate the dismissal. The complaint alleges that (1) an employee of Kilpatrick Townsend asked Mr. Boyd to help get congressional funding for a settlement that would benefit Kilpatrick Townsend’s clients in the Cobell litigation; (2) at various points, Mr. Boyd was given direction by Kilpatrick Townsend, Mr. Gin-gold, and an accountant also working on the Cobell litigation; (3) Mr. Boyd repeatedly included Kilpatrick Townsend in emails reporting on his efforts; (4) Mr. Boyd told Mr. Gingold and the accountant that he expected to paid for his efforts, and he was assured that he would eventually receive such payment; and (5) Kilpa-trick Townsend provided an office to Mr. Gingold during the course of the Cobell litigation. In my view, these allegations make it at least plausible either that Kilpa-trick Townsend was informed of Mr. Boyd’s expectation of payment or that Mr. Gingold was authorized by Kilpatrick Townsend to deal with Mr. Boyd. I would therefore vacate the trial court’s ruling that Mr. Boyd failed to state a plausible claim of breach of implied-in-fact contract against Kilpatrick Townsend sufficient to permit the claim to proceed to discovery.
The trial court also dismissed all of Mr. Boyd’s claims as barred by the statute of limitations. This court affirms that ruling .with respect to Mr. Boyd’s claims of quantum meruit and implied-in-fact contract. Ante at 75 n.1, 81-82. I would vacate as to those counts. The contention that a claim is barred by the statute of limitations is a defense, and Mr. Boyd’s complaint therefore was not required to contain any factual allegations on the topic. See, e.g., Daniels v. Pepco, 100 A.3d 139, 143 (D.C. 2014). Moreover, the trial court should not dismiss a claim on statute-of-limitations grounds unless the claim is time-barred on the face of the complaint. Logan v. LaSalle Bank Nat'l Ass’n., 80 A.3d 1014, 1020 (D.C. 2013) (citing cases). The court appears to conclude that Mr. Boyd’s claims of quantum meruit and implied-in-fact contract are barred on the face of the complaint because, as a matter of law, those claims accrued in December 2010, when Mr. Boyd completed his work and there *85 fore could have demanded payment. Ante at 81-82. I do not agree.
At the outset, I note that although the court treats Mr. Boyd’s quantum-meruit claim as equivalent to a claim of breach of implied-in-fact contract, ante at 75 n.1, it is not clear to me that those two claims are equivalent, either in the complaint or in general. Compare, e.g., New Econ. Capital v. New Markets Capital Gp., 881 A.2d 1087, 1095 (D.C. 2005) (breach of implied-in-fact contract is one type of quantum-meruit claim but requires that true contract, with all necessary elements, can be inferred) Vereen v. Clayborne, 623 A.2d 1190, 1193 (D.C. 1993) (reiterating above, but listing elements of breach of implied-in-fact contract that (a) do not seem to require that true contract can be inferred and (b) seem very similar to elements of unjust enrichment; also, treating unjust enrichment as type of quantum-meruit claim (quasi-contract or contract implied in law)). The precise relationship among Mr. Boyd’s claims may merit further consideration on remand. In any event, I will separately discuss quantum meruit and breach of implied-in-fact contract.
It is not clear to me as a matter of law that Mr. Boyd’s quantum-meruit claim accrued at the time Mr. Boyd stopped rendering services in December 2010. Mr. Boyd contends that it was understood that he would not be compensated until some point after his services were rendered. Although the court appears to fault Mr. Boyd for failing to include that contention in his complaint, ante at 79-80 n.11, Mr. Boyd was not required to address statute-of-limitation issues in his complaint. Daniels, 100 A.3d at 143. Moreover, there is authority for the sensible principle that the statute of limitations on a quantum-meruit claim does not begin to run until payment would reasonably be expected. See Lamajak, Inc. v. Frazin, 230 S.W.3d 786, 796 (Tex. App.-Dallas 2007) (“Frazin’s services were not of such a nature that there was an implied condition of payment at certain intervals after which limitations would begin to run. Indeed, the record is replete with testimony that Frazin did not expect to be paid until he had worked the entirety of 1998 and Lamajak’s profits for that year had been calculated. Frazin’s claim is based on Lamajak’s failure to pay him after its profits for 1998 were determined. Thus, the earliest date his [quantum meru-it] claim could have accrued is January 1, 1999.”).
Contrary to the court’s suggestion, ante at 81, the principle that the statute of limitations on a quantum-meruit claim does not begin to run until payment would reasonably be expected is supported rather than undermined by our decision in Cunningham & Assocs. v. Dugan, 909 A.2d 1001 (1996). In that case we held that a breach-of-contract claim was barred by the statute of limitations, which began to run when all services had been rendered and the plaintiff had billed the defendant for those services. Id. at 1002 & n.2. In reaching that conclusion, however, we noted that if there is “an agreement to the contrary,” fees for services are not necessarily due at the time performance is completed. Id. at 1002. Mr. Boyd’s argument is that there was such an agreement in this case, and I see no basis for concluding that Mr. Boyd’s contention is foreclosed on the face of the complaint. The two out-of-jurisdiction cases cited by the court also do not support dismissal of Mr. Boyd’s quantum-meruit claim. Dolan v. McQuaide, No. 1060, 2016 WL 7235627 (Md. Ct. Spec. App. Dec. 14, 2016), is an unjust-enrichment case that went to trial, and the court’s definitive adoption of a “last rendition of services” approach is inconsistent with the court’s decision in this case to remand the unjust-enrichment count for further inquiry into when any enrichment *86 of Mr. Gingold and Kilpatrick Townsend became unjust. Ante at 78-81. Rohter v. Passarella, 246 Ill.App.3d 860, 186 Ill.Dec. 807, 617 N.E.2d 46 (1993), is a quantum-meruit case, but in that case the court relied upon evidence introduced at trial that the prior history between plaintiff and defendant .established that plaintiff “was entitled to be paid annually upon completion of his tax services for each tax year. Furthermore, nothing in the record indicates that plaintiff acted in such a way after that date which would inform defendants that the old rule had changed .,.. ” Id., 186 Ill.Dec. 807, 617 N.E.2d at 62.
Finally, it is also not.clear to me as a matter .of law that- Mr. Boyd’s claim for breach of implied-in-fact contract accrued at the, time Mr. Boyd stopped rendering services in December 2010. “An action for breach of contract generally accrues at the time of the breach.” Wright v. Howard Univ., 60 A.3d 749, 761 (D.C. 2013). Given that Mr. Boyd apparently did. not demand payment until 2014, and given Mr. Boyd’s contention that there .was an understanding that payment would be delayed, I do not see any basis for holding as a matter of law that Mr. Gingold and Kilpatrick Townsend breached any implied contractual agreement in December 2010. See generally, e.g., 54 C.J.S. Limitations § 145 (2017 update) (“As a general rule, where a definite liability arises on a day certain, a default at the time creates a cause of action and the statute of limitations begins to run without demand. Likewise where the right has fully accrued except for some demand which is merely a preliminary step to pursuing the remedy, the making of such demand is not necessary to set the statute of limitations running against the obligation. However, where'a demand is not merely a request preliminary to a remedy or to the bringing of an action, but is necessary to create a cause of action, the cause of action does not accrue until such a demand has been made, and the statute runs only from such demand unless the demand is waived or unreasonably delayed.”) (citing cases; footnotes omitted); Autonation, Inc. v. Susi, 199 So.3d 456, 459 (Fla. Dist. Ct. App. 2016) (“Where an agreement does not specify the time for payment or provides for an indeterminate or indefinite time, the law implies that payment will be made within a reasonable time.”) (internal quotation marks omitted).