Mildred **WAGNER**, individually and as administrator of the Estate of Mary Lou Wagner, deceased, Plaintiff-Appellant,

v.

**FAWCETT PUBLICATIONS**, a Connecticut corporation, and **T. D. Publishing Company**, a New York corporation, Defendants-Appellees.

No. 13541.

United States Court of Appeals
Seventh Circuit.

Aug. 23, 1962.

Rehearing Denied En Banc
Sept. 18, 1962.

---

Louis M. March, Yale P. Bass, Chicago, Ill., for appellant.

Bernard J. Nussbaum, Don H. Reuben, Chicago, Ill., for appellees.

Robert F. Hanley, Thomas R. McMillen, Chicago, Ill., for amicus curiae.

Before SCHNACKENBERG, KNOCH and SWYGERT, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Mildred Wagner, individually and as administrator of the estate of Mary Lou Wagner, deceased, by her appeal to this court challenges the district court's dismissal of her complaint against Fawcett Publications, a Connecticut corporation, and T. D. Publishing Company,[1] a New York corporation, defendants, on the sole

ground that the cause of action set forth therein was barred by the Illinois statute of limitations.

Plaintiff's complaint purported to set forth a cause of action for invasion of privacy in the publishing by each defendant, in magazines published in March and April 1958, of "stories" purporting to tell of the killing of said Mary Lou Wagner, daughter of plaintiff, and that each publication, being without the permission of plaintiff, was a direct appropriation of her name, likeness and personality and that of her deceased daughter, for the pecuniary profit of said defendants and to the detriment of plaintiff.

On June 18, 1962 our opinion on the appeal of plaintiff was filed. Fawcett and T. D. Publishing Company filed petitions for rehearing.

1. For the reasons herein stated we have granted a rehearing. Our prior opinion is withdrawn. It was responsive to defendants' contentions which were summarized by Fawcett's original brief in these words:

"* * * Any person involved in a *newsworthy event* loses his privacy and may not complain concerning a report of his involvement in the event. Mrs. Wagner is precisely within the ambit of this rule; her daughter's murder was a most *newsworthy occurrence* and the publishing of the *mother's participation in the event is a report of the news.*"[2] (Italics supplied)

Similarly this contention was expressed by T. D. Publishing Company, the other defendant, in a motion to dismiss. It there stated that the complaint failed to state a claim on which relief could be granted because "Mary Lou Wagner and plaintiff were proper subjects of news interest and comment and the material in this defendant's publication is news worthy and of public interest". These statements of defendants' contentions bring into clear focus the factual situa-

---

1. While this defendant asserts its correct name is "T D Publishing Corporation", no point is made as to the designation used in this case.

2. This contention was also set forth in Fawcett's motion to dismiss, post 4.

tion to which our opinion was properly limited. We held that the trier of facts could find that the articles published by defendants months after the death of Mary Lou Wagner had ceased to be news. We expressly disclaimed any intention to suppress the legitimate publication of news.

The facts presented to us at that time tended to prove that the death of Mary Lou Wagner had ceased to be news when the articles were published. However, following the release of our opinion, we permitted Field Enterprises, Inc. to file a brief as amicus curiae in which it in effect challenged defendants' test of newsworthiness, although the amicus curiae admitted that "this infant area of the law must be built step by painful step". The amicus curiae would substitute as a test whether a publication is of public interest, rather than whether it is newsworthy.

For the purpose of decision we felt constrained to apply the test embodied in the contentions made by defendants, parties to this appeal. Obviously that test varies from the contention now advanced by the amicus curiae.

The word "news" is in common usage and means a report of a recent event; fresh tidings; recent intelligence. Webster's New International Dictionary (2d Ed., 1961).

In accordance with its theory that news was involved, Fawcett, in its petition for rehearing for the first time asked this court to take judicial notice of certain proceedings in the Criminal Court of Cook County, Illinois case number 57–3193 People v. Robert Max Fleig, referred to in defendants' publications as the suspected killer of Mary Lou Wagner, from which it appears that on April 21, 1958 the case was heard and plaintiff was named as a witness.

■ Plaintiff's answer does not deny that these court proceedings took place. We take judicial notice of those proceedings. St. Paul Fire & Marine Ins. Co. v. Cunningham, 9 Cir., 257 F.2d 731 (1958).

■ On rehearing these facts have emerged, which were not relied upon in the original briefs, and which belatedly establish that when the articles in question were published by defendants their subject matter related to current news. For that reason, under Illinois law (which controls our decision) as announced in Eick v. Perk Dog Food Co., 347 Ill.App. 293, 106 N.E.2d 742 (1952),[3] Annerino v. Dell Publishing Co., 17 Ill. App.2d 205, 149 N.E.2d 761 (1958), Bradley v. Cowles Magazines, Inc., 26 Ill. App.2d 331, 168 N.E.2d 64 (1960), and Rozhon v. Triangle Publications, Inc., 7 Cir., 230 F.2d 359 (1956), the district court did not err in dismissing plaintiff's complaint, even though it based its action on the Illinois law of limitations, to which we are about to refer.

2. Defendant Fawcett filed a motion to dismiss the complaint, insofar as it "purports to set forth a cause or causes of action for libel," it appearing from the complaint that "any action for libel is barred by the Illinois Statute of Limitations," and also because the complaint was fatally defective for the reason *inter alia* that "the matters and things set forth in this defendant's publication are newsworthy, of great public interest, and designed to inform and educate defendant's readers."[4]

It appears that, while T. D. Publishing Company's motion to dismiss included, as one ground, an assertion that the Il-

---

3. In Eick, it was recognized that the preponderance of authorities supports the view that there is a legal right of privacy, the invasion of which gives a right to a cause of action.

4. Said motion was also to dismiss the complaint as to the estate of Mary Lou Wagner or Mildred Wagner individually

for the reason that no right of privacy action can accrue to a decedent's estate or relatives for publication made after the death, or about circumstances surrounding the death.

In view of our disposition of this appeal it is unnecessary to pass upon this question raised by the motion.

linois Statute of Limitations barred plaintiff's action for invasion of right of privacy, its further research indicated that this action was not so barred, and that ground of objection was therefore withdrawn. The record does not show that this withdrawal was ever repudiated in the district court. This defendant also set forth in its motion that the articles related to matters of news interest and comment, which were newsworthy and of public interest.

By her briefs in the district court, plaintiff disclaimed any action for libel against either defendant.

■ Fawcett's motion to dismiss clearly recognized the distinction between a cause of action for libel and a cause of action for violation of the right of privacy. Its motion set up the defense of the statute of limitations to a libel action, citing § 14, ch. 83, Ill.Rev.Stat., but not to an action for invasion of the right of privacy. It filed no answer, although 28 U.S.C.A. Rule 8(c) provides:

"In pleading to a preceding pleading, a party shall set forth affirmatively * * * statute of limitations, * * *."

This record reveals, therefore, that Fawcett did not raise in any manner authorized by law the defense of the statute of limitations to the plaintiff's right of privacy action. Instead, by its motion to dismiss, it attacked the complaint on the merits, thus waiving the affirmative defense of the statute of limitations to the right of privacy action. It can find no solace in citing Anderson v. Linton, 178 F.2d 304, 310, where, *inter alia,* we were considering the provisions of the Wrongful Death Act of Illinois, which did not involve an application of any statute of limitations. That case involved the time limitation for bringing suit contained in the Wrongful Death

Act, universally recognized as a condition precedent, which is quite a different thing. Wilson v. Tromly, 404 Ill. 307, 89 N.E.2d 22 (1949); Fitzpatrick v. Pitcairn, 371 Ill. 203, 20 N.E.2d 280 (1939); Metropolitan Trust Co. v. Bowman Dairy Co., 369 Ill. 222, 15 N.E.2d 838 (1938); Lowrey v. Malkowski, 20 Ill.2d 280, 283, 170 N.E.2d 147 (1960). In Metropolitan Trust Co., supra, 369 Ill. at 227, 15 N.E. 2d at 841, the court said:

"* * * Some former decisions of this court have inadvertently used the words, 'Statute of Limitations' in applying the one-year limitation for commencing suit under the Injuries Act, but the holding, in each case, was an application of the latter statute, and it was not meant to designate it as a statute of limitations. * * *"

Our attention has been called to the fact that in the case at bar the district court on its own motion incorporated in its final order, "it appearing from the face of the complaint that the cause of action set forth therein is barred by the statute of limitations", and dismissed the complaint, expressly stating that it was not necessary to review *the other grounds* urged by the defendants for dismissal.

The raising of the defense of the statute of limitations, as opposed to the time limitation in the Wrongful Death Act, is a personal privilege of a defendant. If it fails to take advantage of that privilege in the manner provided by law, it is waived. It was no concern of the district court and that court had no right to apply the statute of limitations *sua sponte.*[5]

For the reasons herein stated, we hold that the district court did not err in dismissing the complaint and its judgment will be affirmed.

Judgment affirmed.

5. We appreciate the good intention of the trial judge in the action which he took. He explained, when he denied a motion to vacate the dismissal order, that "this is the kind of case that if there is a statute of limitations, we would spend two or three weeks or a month trying the case and then have the Court of Appeals say the statute of limitations controls, we had better have it out of the way now than to have a trial which would be costly to you and to the other people, and then have it out of the way."