**Arthur DAVIS, Plaintiff-Appellant,**

**v.**

**Kay BRYAN, Raymond Lopes, Aaron Ment, John D. Brennan and George Bronson, Defendants-Appellees.**

**No. 29, Docket 86–2181.**

United States Court of Appeals, Second Circuit.

Argued Oct. 8, 1986.
Decided Jan. 27, 1987.

Arthur Davis, pro se.

Joseph I. Lieberman, Atty. Gen., State of Conn. (Christina G. Dunnell, Asst. Atty. Gen., Hartford, Conn., of counsel), for defendants-appellees.

Before LUMBARD, CARDAMONE and PIERCE, Circuit Judges.

PIERCE, Circuit Judge:

Arthur Davis appeals *pro se* from an order granting summary judgment and dismissing his civil rights complaint in the United States District Court for the District of Connecticut, Jose A. Cabranes, *Judge.* Appellant contends he was deprived of a due process liberty interest when his minimum prison term was calcu-

lated by a prison records supervisor rather than a court. We do not reach this issue because we find that the district court erred by granting summary judgment against plaintiff and we therefore reverse and remand to the district court for further proceedings.

## BACKGROUND

Arthur Davis is currently an inmate at the Connecticut Correctional Institution at Somers. He was originally sentenced to death following his conviction on six counts of murder in the first degree. Davis's death sentence was vacated upon appeal to the United States Supreme Court and the case was remanded to the Superior Court of Connecticut. On November 16, 1972, a three-judge panel of the state court sentenced Davis to six consecutive life sentences.

On January 25, 1985, Davis received a notice from Kay Bryan, the prison records supervisor, informing him that a recent state court decision had removed the earlier "good time" credit limit of five years and that his sentence had been recomputed to reflect this change in the law. Attached to this notice was a computation sheet which listed Davis's minimum sentence as one hundred and fifty years. Davis challenges this calculation of his sentence by defendant-appellee Bryan in this suit commenced under 42 U.S.C. § 1983. Davis relies upon Connecticut General Statute § 53a–35,[1] as amended on July 1, 1981, which requires that a court impose a maximum and minimum prison term for convicted felons. Davis claimed that because Bryan rather than a court computed the minimum sentence, he was deprived of a liberty interest created by the Connecticut statute in violation of his fourteenth

---

**1.** Section 53a–35 states in pertinent part:
   (a) For any felony committed prior to July 1, 1981, the sentence of imprisonment shall be an indeterminate sentence, except as provided in subsection (d). When such a sentence is imposed the court shall impose a maximum term in accordance with the provisions of subsection (b) and the minimum term shall be as provided in subsection (c) or (d).

. . . .
   (c) Except as provided in subsection (d) the minimum term of an indeterminate sentence shall be fixed by the court and specified in the sentence as follows: (1) For a class A felony, the minimum term shall not be less than ten nor more than twenty-five years. . . .
Conn.Gen.Stat.Ann. § 53a–35 (West 1985).

amendment right to due process of law. Defendants moved to dismiss for failure to state a claim upon which relief could be granted. The matter was referred to a magistrate who recommended that the motion be denied. The defendants objected to the recommended ruling. The district court converted defendants' motion into a summary judgment motion; it *sua sponte* raised the statute of limitations as a bar to Davis's action; and it granted the motion dismissing the complaint.

On appeal, appellant asserts that he possesses a constitutionally protected liberty interest grounded in Conn.Gen.Stat.Ann. § 53a–35 (West 1985) which requires that a court determine the minimum sentence for convicted felons. Appellant relies on *Greenholz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 11–12, 99 S.Ct. 2100, 2106, 60 L.Ed.2d 668 (1979), wherein the Supreme Court held that a state statute may create a liberty interest benefitting the prisoner when the statute contains mandatory language regarding sentencing. It is unnecessary for us to reach this issue since we conclude that the district court erred when it granted summary judgment against the appellant. Accordingly, we reverse and remand to the district court for further proceedings consistent with this opinion.

## DISCUSSION

### 1. *Computation of the Sentence*

■ There is no indication from the record whether Bryan herself determined that one hundred and fifty years constituted a newly calculated minimum or whether she took that term from a prior court determination of Davis's sentence. Thus, the computation of Davis's sentence by Bryan may have been the first time that anyone made a determination of Davis's minimum sentence. Appellees urge that whether Bryan's calculation was based on a prior court-imposed minimum sentence is irrelevant because Bryan's computation had the effect of reducing Davis's sentence. However, whether Bryan's computation had the effect of reducing Davis's prison time is not determinative of the issue presented. Bryan's calculation was based on a minimum term of twenty-five years per count. The statute provides, however, for a minimum term of ten to twenty-five years imprisonment for the crimes for which Davis was convicted. *See* Conn.Gen.Stat.Ann. § 53a–35(c) (West 1985). Therefore, had a minimum term of less than twenty-five years been used, which a court calculating the term might have done, the total prison time could have been reduced further. Assuming *arguendo* that Davis is vested with a liberty interest by virtue of *Greenholz*, he was denied due process if Bryan, rather than a court, determined that one hundred and fifty years was his minimum sentence. There is at least a question of fact regarding whether a court ever sentenced Davis to a minimum term. Under these circumstances, summary judgment against Davis was premature.

### 2. *The Statute of Limitations*

■ The statute of limitations is an affirmative defense under Fed.R.Civ.P. 8(c) that must be asserted in a party's responsive pleading "at the earliest possible moment" and is a personal defense that is waived if not promptly pleaded. *Santos v. District Council*, 619 F.2d 963, 967 n. 5 (2d Cir.1980) (citations omitted); *Strauss v. Douglas Aircraft Co.*, 404 F.2d 1152, 1155 (2d Cir.1968); *cf. Evans v. Syracuse City School District*, 704 F.2d 44, 47 (2d Cir. 1983) (failure to raise defense of res judicata promptly results in waiver). If a defendant fails to assert the statute of limitations defense, the district court ordinarily should not raise it *sua sponte*. *See Wagner v. Fawcett*, 307 F.2d 409, 412 (7th Cir.1962) (dicta), *cert. denied*, 372 U.S. 909, 83 S.Ct. 723, 9 L.Ed.2d 718 (1963); *cf. Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 371 (2d Cir.1966) (lack of proper venue is personal defense which should not be raised by district judge absent extraordinary circumstances). Here, in accordance with Fed.R.Civ.P. 12, rather than interpose an answer, appellees moved to dismiss. The motion to dismiss, which was based on

a claimed failure to state a cause of action did not assert the affirmative defense of statute of limitations. The memorandum of law in support of appellees' motion to dismiss argued several grounds for dismissing the action but did not include a statute of limitations defense. Moreover, after the magistrate submitted a recommended ruling to deny the motion to dismiss which addressed the merits of appellant's cause of action, appellees filed an objection to the ruling and a supporting affidavit, neither of which mentioned that the statute of limitations would bar the cause of action. We wish to make it clear that we do not express the opinion that the appellees have waived the statute of limitations defense; any such determination is for the district court to make when and if that defense is asserted by the appellees.[2] However, the district court's ruling that Davis's claim would be barred by the statute of limitations was raised by the court *sua sponte* and we conclude that the granting of an order of summary judgment herein in favor of appellees based on the court's *sua sponte* determination was an error of law.

■ Even if defendants had pleaded the defense of statute of limitations, it is uncertain whether defendants would have prevailed on that defense. Since the record is unclear as to whether Davis ever received a minimum sentence by a court, it is arguable that the statute of limitations for his § 1983 action may have started to run only when and if Bryan set the minimum term. While the record is unclear as to whether and when the calculation was made by Bryan, it is apparent that Davis was not notified of the computation until he received Bryan's notice dated January 25, 1985. Indeed, Davis asserts that he had no idea that his minimum sentence had been calculated until he received the January 25, 1985 notice. Since we are reviewing a summary judgment order and therefore must view the pleadings in the light most favorable to Davis, the party against

whom summary judgment was sought, *see Falls Riverway Realty, Inc. v. City of Niagara Falls*, 754 F.2d 49, 54 (2d Cir. 1985); *Burtnieks v. City of New York*, 716 F.2d 982, 985 (2d Cir.1983), we must view January 25, 1985 as the date of injury. Assuming a potential limitations period of three years, as Judge Cabranes did, for actions arising in federal courts in Connecticut pursuant to 42 U.S.C. § 1983, Davis's claim would not be time barred until January 1988. Since an issue of material fact exists as to when the statute of limitations actually began to run, the summary judgment order was erroneously granted.

3. *Notice*

■ Further, when a Rule 12(b)(6) motion to dismiss is converted into a Rule 56 motion for summary judgment, all parties are entitled to notification of the conversion so that filed submissions might be augmented. *Baptiste v. Sennet & Krumholz*, 788 F.2d 910, 911 (2d Cir.1986); *Maggette v. Dalsheim*, 709 F.2d 800, 802 (2d Cir.1983). There should be "some indication by the court to 'all parties' that it is treating the 12(b)(6) motion as a motion for summary judgment." *Dale v. Hahn*, 440 F.2d 633, 638 (2d Cir.1971). Here, there is no indication that notice of the conversion was provided to the parties prior to the court's final ruling. Moreover, it seems clear that Davis was unaware of the statute of limitations issue until the court rendered its opinion and therefore he may not have had an opportunity to refute a statute of limitations defense.

Finally, we note again that a *pro se* complaint should not be dismissed unless the plaintiff can prove no set of facts that would entitle him to relief on the merits. *See, e.g., Massop v. Coughlin*, 770 F.2d 299, 301 (2d Cir.1985); *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir.1983). There exists a fair possibility that Davis might be entitled to relief on the merits; namely, if his minimum sentence was determined in the first instance, or recalculated, by Bryan.

**2.** Apropos such a determination we have stated that "[t]he statute of limitations need not be raised in a pre-answer motion." *Santos*, 619 F.2d at 967.

**46**

Therefore, we reverse the district court's order of summary judgment and remand for further proceedings consistent with this opinion.