**Leonard FELDMAN, Appellant,**

v.

**Basil C. GOGOS, Appellee.**

**No. 92–CV–949.**

District of Columbia Court of Appeals.

Submitted June 22, 1993.
Decided July 19, 1993.

---

Leonard J. Koenick, Washington, DC, was on the brief for appellant.

No brief was filed for appellee.

Before STEADMAN and FARRELL, Associate Judges, and NEWMAN, Senior Judge.

FARRELL, Associate Judge:

On February 13, 1991, appellant Feldman sued appellee Gogos on a promissory note and an alleged subsequent written promise by Gogos to make certain payments in return for Feldman's forbearance in collecting the debt. The trial court dismissed the complaint without prejudice when Feldman was unable to effect service within the time prescribed by Super.Ct.Civ.R. 4(j). Feldman then sought to reinstate the suit by showing that he had been diligent in attempting to serve Gogos and now had reason to believe service could be accomplished. The trial court found that "the representations of counsel [were] indeed meritorious on the question of whether the action should be reinstated for the purpose of allowing a final opportunity to serve the defendant." Nevertheless, the court raised *sua sponte* the issue of whether the complaint had been filed within the applicable statute of limitations, and answered in the negative. The court concluded, therefore, that it was "without the power to vacate the dismissal," explaining that it never had "jurisdiction over the instant dispute because the statute of limitations had expired at the outset of this litigation." The court therefore dismissed the complaint with prejudice.

 This ruling was error. Normally, a statute of limitations erects no jurisdictional bar, and failure to plead within the limitations period does not deprive the court of "power" to entertain the suit. Rather, as we have held, "[t]he statute of limitations is an affirmative defense which, under [Super.Ct.Civ.R.] 8(c), 'must be set forth affirmatively in a responsive pleading,' and may be waived if not promptly pleaded." *Whitener v. WMATA*, 505 A.2d 457, 458 (D.C.1986) (quoting *Bergman v. United States*, 551 F.Supp. 407, 423 (W.D.Mich.1982)).[1] *See also Fassett v. Delta Kappa Epsilon (New York)*, 807 F.2d 1150, 1167 (3d Cir.1986) ("A statute of limitations time bar is not jurisdictional; rather, it constitutes an affirmative defense that is waived if the defendant fails to raise it in the answer"); *Banks v. C & P Tel. Co.*, 802 F.2d 1416, 1427 (1986) ("Unlike in the case of jurisdictional questions, ...

---

[1]. As *Whitener* explained, the identity of language between Super.Ct.Civ.R. 8(c) and the corresponding federal rule means that we may look to federal court decisions interpreting the latter as "persuasive authority" in construing the former. 505 A.2d at 458.

We held in *Whitener* that, "when there is no substantial prejudice to the plaintiff, a defendant is not barred by Rule 8(c) from raising the statute of limitations in a pre-trial motion, even though the statute has not been raised in the defendant's answer to the complaint." *Id.* 505 A.2d at 460. In the present case, of course, there has been no service of process and hence no answer to the complaint as yet.

[r]eliance on a statute of limitations is an affirmative defense and is waived if a party does not raise it in a timely fashion").

█ It follows that, "If a defendant fails to assert the statute of limitations defense, the district court ordinarily should not raise it *sua sponte." Davis v. Bryan*, 810 F.2d 42, 44 (2d Cir.1987). *See also Wagner v. Fawcett Publications*, 307 F.2d 409, 412 (7th Cir.1962), *cert. denied*, 372 U.S. 909, 83 S.Ct. 723, 9 L.Ed.2d 718 (1963); *Krug v. Imbordino*, 896 F.2d 395, 396 (9th Cir. 1990). There are exceptions, of course. Federal courts have held, for example, that a district judge may dismiss *sua sponte* an in forma pauperis complaint under 28 U.S.C. 1915(d) when it is apparent the statute of limitations has run. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir.1993); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir.1992). We need not explore additional such exceptions. Assuming a trial court may raise the limitations issue *sua sponte*,[2] it should not do so unless, at a minimum, the expiration of the statute "is clear from the face of [the] complaint." *Gartrell*, 981 F.2d at 256; *see also Clark, supra* note 2, 915 F.2d at 640 n. 2.

In this case that fact is by no means clear from the complaint. Feldman alleged that Gogos made two partial payments on the obligation, one—by check—as late as April, 1988. Such "part[ial] payment on a debt or obligation interrupts or tolls the statute of limitations." *Dulberger v. Lippe*, 202 A.2d 777, 778 (D.C.1964). *See also* D.C.Code § 28–3504 ("[A]cknowledgement ... in writing, signed by the party chargeable thereby," suffices "to take the case out of the operation of the statute of limitations"). Feldman filed the complaint in February, 1991, within the applicable three year limitations period. In these circumstances, although we do not decide the merits of the limitations issue, Feldman should at least be permitted to litigate it "when and if that defense is asserted...." *Davis*, 810 F.2d at 45.[3] We emphasize that the trial court did not dismiss (or refuse to reinstate the complaint) on grounds of lack of due diligence in attempting service. *See* Super.Ct.Civ.R. 41(b); *Varela v. Hi–Lo Powered Stirrups, Inc.*, 424 A.2d 61 (D.C. 1980) (en banc). On the contrary, it found "meritorious" Feldman's representations on "whether the action should be reinstated for the purpose of allowing a final opportunity to serve the defendant." Feldman should be afforded that opportunity.

*Reversed.*

NEWMAN, Senior Judge, concurring:

In this area of the law, I think it is advisable for the trial court to hew closer to the "never" teachings of *e.g., Wagner v. Fawcett Publications*, 307 F.2d 409, 412 (7th Cir.1962) than to the "maybe some-

---

2. The court in *Wagner, supra*, professed no uncertainty on the point: "If [the defendant] fails to take advantage of [the] privilege [of raising the statute of limitations] in the manner provided by law, it is waived. It was no concern to the [trial] court and that court *had no right* to apply the statute of limitations *sua sponte.*" 307 F.2d at 412 (emphasis added). *But see Clark v. State of Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n. 2 (11th Cir.1990) ("When the [affirmative] defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading"); *Street v. Vose*, 936 F.2d 38, 39 (1st Cir.1991); *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir.1989).

3. Other matters touched on by the trial court affecting the limitations issue, such as whether Feldman was suing on the promissory note or for a breach of contract based on the later writing, or whether Feldman was required (and

had failed) to make a demand for payment, also do not satisfy the test of being so obvious in their correct resolution that the trial court could raise them *sua sponte* despite the waiver effect of Rule 8(c).

Furthermore, our analysis does not change because the limitations issue came before the judge in the context of what amounted to a Rule 60(b) motion to set aside an order of dismissal (albeit without prejudice). The decision on such motions lies within the sound discretion of the trial court, *Starling v. Jephunneh Lawrence & Assoc.*, 495 A.2d 1157, 1159 (D.C.1985), and may include evaluation of the merits of the movant's case, *id.* at 1160; *see also Kasachkoff v. Ross H. Finn Co.*, 408 A.2d 993, 995 (D.C.1979) (moving defendant's deposition raised "prima facie" defense). Yet, except as we leave open in the text, that inquiry no more permits the trial court *sua sponte* to raise defenses waived if not asserted under Rule 8(c) than if the matter came before it on a motion to dismiss.

times" teaching of *e.g., Gartrell v. Gaylor,*
981 F.2d 254, 256 (5th Cir.1993).