*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 12-CV-2040

RANDY E. DANIELS, APPELLANT,

v.

POTOMAC ELECTRIC POWER COMPANY, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CAB-5710-10)

(Hon. Gregory Jackson, Trial Judge)

(Argued December 17, 2013                    Decided September 25, 2014)

*David A. Branch* for appellant.

*Susanne Harris Carnell*, with whom *Jill D. Flack* was on the brief, for appellee.

Before THOMPSON and MCLEESE, *Associate Judges*, and RUIZ, *Senior Judge*.

RUIZ, *Senior Judge*: Appellant Randy E. Daniels brought suit on July 29, 2010, in the District of Columbia Superior Court, complaining of injury resulting from the allegedly unlawful actions of his former employer, appellee Potomac Electric Power Company ("PEPCO"). Appellant alleged that appellee engaged in race, age, and disability discrimination (Count I) and retaliation (Count II), and

created a hostile work environment based on race (Count III), all in violation of the D.C. Human Rights Act ("DCHRA"), D.C. Code § 2-1401, *et seq.* (2012 Repl.); intentionally inflicted emotional distress on appellant (Count IV); and failed to provide appellant with a safe working environment (Count V). Appellant's complaint was based on actions alleged to have taken place between 2002 and July 29, 2010.

On October 12, 2011, the trial court granted appellee's motion to dismiss the claims of age discrimination, intentional infliction of emotional distress, and failure to provide a safe working environment.[1] The trial court also dismissed as time-barred by the DCHRA's one-year statute of limitations the race and disability discrimination and retaliation claims based on discrete acts occurring prior to July 29, 2009, rejecting appellant's argument that the running of the statute of limitations period had been tolled by appellee's lulling actions. The trial court otherwise denied appellee's motion to dismiss. Discovery proceeded on the remaining counts of race and disability discrimination and retaliation for acts occurring between July 29, 2009, and July 29, 2010. When appellee did not respond to five requests for discovery related to overtime, job assignments, and job

---

[1] These dismissals are not challenged on appeal.

equipment, appellant moved the trial court to compel discovery. On August 29, 2012, the trial court denied the motion to compel discovery on the grounds that the requests were not sufficiently precise and the subject matter of the requests was irrelevant to the remaining claims. On December 11, 2012, the trial court granted appellee's motion for summary judgment.

Appellant challenges the trial court's refusal to consider evidence of lulling, the trial court's denial of the motion to compel discovery, and the trial court's grant of summary judgment to appellee. We reverse and remand the case to the trial court to consider evidence of lulling, to compel discovery, and, after consideration of this additional evidence, to redetermine whether the case should proceed to a trial on the merits.

## I.    Statute of Limitations

The DCHRA provides that claims of discrimination shall be filed "within one year of the unlawful discriminatory act, or the discovery thereof." D.C. Code § 2-1403.16(a) (2001). This court has held, however, that "a defendant cannot assert 'the bar of the statute of limitations, if it appears [the defendant] has done anything that would tend to lull the plaintiff into inaction, and thereby permit the

limitation prescribed by the statute to run." *East v. Graphic Arts Indus. Joint Pension Trust*, 718 A.2d 153, 156-57 (D.C. 1998) (quoting *Bond v. Serano*, 566 A.2d 49, 50 (D.C. 1989) (Farrell, J., concurring) (alteration in original)). "The 'lulling' or 'unique circumstances' doctrine was designed to create a very narrow equitable exception to rigorous filing requirements." *Kamerow v. District of Columbia Rental Hous. Comm'n*, 891 A.2d 253, 258 (D.C. 2006) (quoting *Chase v. District of Columbia Alcoholic Beverage Control Bd.*, 669 A.2d 1264, 1269 (D.C. 1995)). To show lulling, "some affirmative action on the defendant's part" is required. *East*, 718 A.2d at 157. "[M]ere silence [or] failure to disclose . . . generally do[es] not rise to the level of affirmative misconduct." *Id.* (internal quotation marks omitted). "It is well established that affirmative acts employed by a party to fraudulently conceal either the existence of a claim or facts forming the basis of a cause of action toll the running of limitations periods." *Drake v. McNair*, 993 A.2d 607, 619 (D.C. 2010) (quoting *Estate of Chapelle v. Sanders*, 442 A.2d 157, 158 (D.C. 1982)).

The trial court ruled that appellant's failure to assert in his complaint that he had been lulled precluded the court from considering that argument in deciding appellee's motion to dismiss appellant's claims as time-barred by DCHRA's one-year statute of limitations. In its Omnibus Order, which dismissed claims based on

acts that occurred before July 2009 as untimely, the trial court acknowledged that appellee's actions as alleged in appellant's opposition to the motion to dismiss "could constitute an affirmative action under which Plaintiff could invoke the lulling doctrine."[2] However, the trial court thought that because "Plaintiff alleges no such affirmative action in his Complaint. . . . [w]hat Plaintiff later alleges in his opposition is not part of this analysis."

We cannot affirm the trial court's dismissal, which we review de novo. *See Bailey v. Greenberg*, 516 A.2d 934, 940 (D.C. 1986) (noting that "expiration of the statute of limitations is a question of law"). The statute of limitations provides an affirmative defense to the defendant. *See Feldman v. Gogos*, 628 A.2d 103, 104 (D.C. 1993). If the defense is not timely raised in a responsive pleading, it can be waived. *See id.* at 104-05. It logically follows, therefore, that the plaintiff does not have an obligation to anticipate a potential limitations defense in the complaint or meet a potential defense with counterarguments and evidence before it is raised.

---

[2] The trial court's order also stated that appellee's failure to respond to internal complaints filed by appellant, see note 5 *infra*, was insufficient, because "inaction cannot simultaneously constitute an affirmative action necessary to involve the lulling doctrine."

The trial court's decision, based as it was on the mistaken belief that appellant was required to allege lulling in his complaint, was legal error.[3]

Appellee defends the trial court's dismissal order, arguing that the trial court considered appellant's *evidence* of lulling but only refused to consider appellant's *argument* about lulling. Alternatively, appellee argues, even if the trial court did err in refusing to consider appellant's claim that he was lulled by appellee, dismissal was nonetheless proper because appellant's proffered evidence would fail to meet the requisite standard for lulling. We are not persuaded by either argument.

---

[3] Appellee argues that appellant "should have *expected* the assertion of a statute of limitations defense" because appellee had previously raised the issue of limitations before the federal court, in September and October 2010. But appellee cites no authority for the proposition that a plaintiff would be required to act preemptively in such a situation. Appellant began this lawsuit in the Superior Court but appellee filed a notice of removal to the United States District Court for the District of Columbia. Appellee based its removal motion on appellant's claim of unsafe working conditions, which appellee claimed invoked the federal Occupational Safety and Health Act, 29 U.S.C. § 651, *et seq.* (2006). Appellee also argued that the claims of discrimination, retaliation, and intentional infliction of emotional distress involved allegations of breach of a collective bargaining agreement and were preempted by the federal Labor Management Relations Act, 29 U.S.C. § 185(a) (2006) and, therefore, removal was proper.

The District Court disagreed that federal claims were at issue and remanded the case to the Superior Court, without ruling on the statute of limitations defense. *See Daniels v. Potomac Elec. Power Co.*, 789 F. Supp. 2d 161 (D.D.C. 2011). Appellee was thus required to plead its case in Superior Court.

Appellee's first argument ignores the plain meaning of the trial court's order. The order states explicitly that appellant's opposition to appellee's motion to dismiss could, if considered, invoke the lulling doctrine. The order also states, however, that the court would not consider appellant's claim of lulling because appellant failed to raise these alleged affirmative acts of lulling in his complaint.[4] As soon as appellee asserted the statute of limitations defense in the Superior

---

[4] We are unclear about the distinction appellee would have us draw between evidence and argument of lulling. The trial court clearly rejected any consideration of appellant's lulling claim in analyzing appellee's statute of limitations defense:

> Plaintiff argues further that "PEPCO deliberately undertook to confuse him and frustrate his efforts to seek redress by presenting him with conflicting information and refusing to respond to his internal complaints." Plaintiff goes on to allege that PEPCO's Human Resources Department "expressed to Plaintiff on at least one occasion that his discrimination claims were implications of 'workplace environment policies' . . . and were thus not subject to the Union grievance procedure." While such an action could constitute an affirmative action under which Plaintiff could invoke the lulling doctrine, Plaintiff alleges no such affirmative action in his Complaint. Thus, even taking all of the facts alleged in the complaint as true, the Complaint fails to note any affirmative action by PEPCO to mislead Plaintiff. What Plaintiff later alleges in his opposition is not part of this analysis. The Complaint does not allege an affirmative action, thus the lulling doctrine cannot be invoked to toll the statute of limitations.

Court, appellant responded by raising the issue of lulling in his opposition. The trial court should have addressed it.

Appellee maintains that even if the trial court erred in not considering appellant's lulling argument, the only evidence of affirmative acts of lulling proffered—an affidavit by Union Representative J.C. Littlejohn about a meeting with PEPCO Manager Ivy Tompkins—was insufficient to meet this jurisdiction's standards.[5] Although the trial court's order stated that appellant's lulling argument would not be considered, it also expressed the view that the acts of the appellee alleged in appellant's opposition could suffice to toll the running of the limitations period. The matter was not fully aired, however, as a result of the court's mistaken belief that lulling had to be alleged in the complaint. It is premature for this court to address the sufficiency of appellant's claim before the trial court has fully considered it and made an initial determination and, if necessary, any factual

---

[5] According to appellant, he followed appellee's corporate policy by seeking redress for the complained-of actions through appellee's human resources department. When he did so, Ms. Tompkins told him and Mr. Littlejohn that appellant's complaints implicated "workplace environment problems" rather than violation of the collective bargaining agreement so that "the prospect of a grievance procedure was authoritatively restrained." Appellant also claims that he filed several internal complaints alleging discrimination and hostile work environment, which appellee ignored, as early as November 2006. Appellant claims that these events demonstrate that appellee deliberately obfuscated appellant's legal options for redress via the judicial process.

disputes are presented to and resolved by the finder of fact. *See Bailey*, 516 A.2d at 940. Ours is a court of appellate jurisdiction and although we would review as a legal matter the sufficiency of evidence of actions alleged to constitute lulling, it is beyond our scope to make the underlying factual determinations. *See Drake*, 993 A.2d at 617-21; *Kamerow*, 891 A.2d at 258; *Bailey*, 516 A.2d at 940.[6]

We reverse the trial court's order refusing to consider appellant's claim of lulling and remand the case for the trial court to determine whether appellant is able to present "concrete evidence . . . that clearly establishes that such [lulling] activity occurred." *Kamerow*, 891 A.2d at 258. Once appellant is allowed to present evidence of lulling, the trial court should determine whether it suffices to show that appellee took an "affirmative action" that lulled appellant into not pursuing a legal remedy for his alleged injuries. *See East*, 718 A.2d at 157-59; *William J. Davis, Inc. v. Young*, 412 A.2d 1187, 1191-93 (D.C. 1980). If the trial court determines that appellant is able to carry his burden of producing evidence that, if credited by the factfinder, shows he was lulled into not pursuing his legal rights, the trial court should not deny relief as a matter of law on statute of

---

[6] The affidavit presented by appellant describes a concrete affirmative act, a statement by Ivy Tompkins. Whether the statement was made and its import under the circumstances are questions of fact.

limitations grounds. The running of the limitations period is tolled during the time of lulling and the statutory period runs only when a reasonable person in appellant's position, acting diligently, would have prosecuted his rights under the DCHRA. *See Drake*, 993 A.2d at 620.

## II. Discovery

Appellant challenges the trial court's refusal to grant his motion to compel responses to five discovery requests—numbered 10, 15, 17, 18, and 20. Appellant argues that the documents requested were necessary to support his allegations that appellee subjected him to a hostile work environment by "denying him overtime, assigning him less favorable duties, and failing to provide him with adequate equipment." The trial court found the disputed requests to be the "proverbial fishing expedition" and denied the requests as being irrelevant, "not sufficiently particular," and "overly broad."

The disputed requests are as follows:

> Request No. 10: All records and documents related to the Qualification Sign-Off Program of any of Defendant's employees in positions similarly situated to Plaintiff from 2006 to the present.

Request No. 15: All documents related to Pepco Daily Crew Report and Crew Daily Worksheet for Underground High Voltage "Leads" for 2009.

Request No. 17: All documents related to Qualification Requirements and Waiver Approval Form and/or Qualification Program Form 200-4 issued to Steven Blevins, Mark Cawood, Francis Kenny and Plaintiff Daniels for their promotions to Lead or Lead/Pressurized Systems.

Request No. 18: All documents which identify all Underground Department employees that were issued Cable Splicer Mechanic "A" to "Lead" sign-offs, from 2006 to 2010.

Request No. 20: All documents that include the Weekly Overtime Distribution Reports for Underground High Voltage for the periods from 2006 to 2010, on-call completion lists, training records, daily assignments, truck assignments, and seniority rosters for employees similarly situated to Plaintiff Daniels and working in the Underground High Voltage area.

On appeal, we review the trial court's decision concerning discovery for abuse of discretion. *See Futrell v. Dep't of Labor Fed. Credit Union*, 816 A.2d 793, 809 (D.C. 2003). We have held that "[r]elevancy to the subject matter is construed most liberally, to the point that discovery should be granted where there is any possibility that the information sought may be relevant to the subject matter of the action." *Id.* (quoting *Roberts-Douglas v. Meares*, 624 A.2d 405, 415 (D.C. 1992)). The rules of the Superior Court generally entitle a plaintiff to discover any

matter, "not privileged, that is relevant to the claim." Super. Ct. Civ. R. 26 (b)(1). To be relevant, "information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

We conclude that the court abused its discretion in denying appellant's motion to compel the requested items of discovery as irrelevant, vague, and overbroad. In finding that appellant's requests were irrelevant to his claims, the trial court's order refers to Request No. 18 as its lone example, commenting that "it is unclear how records of promotions of some unknown employees are related to Plaintiff's claim." However, Request No. 18 seeks documents identifying similarly situated employees—those who were issued sign-offs to become "Lead" Cable Splicer in PEPCO's Underground Unit, a position appellant holds in the Underground High Voltage Unit.[7] Similarly, in finding that appellant's requests were "not sufficiently particular," the trial court used "Plaintiff's Request No. 11" as its only example of an overbroad request. But as appellant rightly points out on appeal, his motion to compel discovery does *not* include Request No. 11. For the trial court to deny appellant's motion based on consideration of requests that were

---

[7] It appears that the trial court's reference to Request No. 18 in this instance was a typographical error, intended to be a reference to Request No. 11. But even if the intended reference was to Request No. 11, it would make no difference to our analysis for the reasons stated in the text.

not included in the motion or a misreading of the request sought to be compelled was an abuse of discretion.

Appellee's argument that it has already produced over 2,000 pages of documents in response to appellant's other discovery requests is immaterial to the grounds for the trial court's denial of the motion to compel, i.e., that appellant's requests were overbroad or irrelevant. That argument, as well as others in appellee's brief on appeal, are properly directed to the trial court, which has discretion to limit discovery that is "unreasonably cumulative or duplicative . . . [or] unduly burdensome or expensive." Super. Ct. Civ. R. 26 (b)(1). Similarly, the argument that appellant has not yet, in appellee's opinion, demonstrated that the motivation behind any denial of qualification sign-offs was race-based puts the cart before the horse and misperceives the purpose of discovery: to identify information and documents "reasonably calculated to lead to" evidence admissible to prove appellant's claims of discriminatory disparate treatment, retaliation, and hostile working environment.[8] Super. Ct. Civ. R. 26 (b)(1).

---

[8] The five requests that were the subject of appellant's motion to compel appear germane to appellant's claims that appellee favored similarly situated Caucasian employees over African-American employees in terms of qualification sign-offs and overtime. Moreover, they are framed in terms of specific dates, names, and types of forms.

We, therefore, reverse the trial court's denial of appellant's motion to compel and remand the case to the trial court for further consideration. Once the trial court has answered the first question of when the statute of limitations period began to run, the court should reconsider appellant's motion to compel appellee to respond to his discovery requests relevant to demonstrating violations of the DCHRA during the period of time within the statute of limitations. *See Futrell*, 816 A.2d at 808; *Roberts-Douglas*, 624 A.2d at 415.[9]

### III. Summary Judgment

This court reviews a grant of summary judgment de novo. *See McFarland v. George Wash. Univ.*, 935 A.2d 337, 345 (D.C. 2007). In light of our remand for further consideration of appellant's lulling allegation and motion to compel discovery, it is premature to determine whether there are genuine issues of material fact that would preclude summary judgment under D.C. Superior Court Civil Rule

---

[9] Appellant has limited his requests to a five-year period—2006 to 2010. Even if his claims can be actionable for conduct only within a shorter period (a period still to be determined after the trial court considers appellant's claim of lulling on remand), evidence of discriminatory acts outside that period may nonetheless be relevant to elucidate issues of intent, past practice, and discriminatory impact, as well as to the existence of a hostile work environment. *See Lively v. Flexible Packaging Ass'n*, 830 A.2d 874, 879 (D.C. 2003) (en banc).

56. Once the trial court has determined the relevant period of time for actionable claims and considered all the proffered evidence after discovery has been completed, the court should reconsider any motions for summary judgment on the race and disability discrimination, retaliation, and hostile working environment claims under the DCHRA to determine if appellant has satisfied his burden of establishing a prima facie case. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110-12 (2002); *McFarland*, 935 A.2d at 346-47.

For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded.

*So ordered.*