*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

Nos. 23-CV-0411 & 23-CV-0412

MARILYN KUBICHEK, *et al*., APPELLANTS,

v.

UNLIMITED BIKING WASHINGTON, D.C., LLC, *et al*., APPELLEES.[1]

Appeals from the Superior Court
of the District of Columbia
(2022-CAB-006101 & 2022-CA-006102-B)

(Hon. Hiram Puig-Lugo, Trial Judge)

(Argued April 11, 2024                    Decided February 6, 2025)

*D. Cory Bilton* for appellants.

*Anne K. Howard*, with whom *David Fleishman*, and *Walter E. Gillcrist, Jr*., were on the brief, for appellee Eduardo Samonte.

Before BECKWITH and DEAHL, *Associate Judges*, and RUIZ, *Senior Judge*.

---

[1] Even though Unlimited Biking Washington, D.C., LLC appears on the case caption, it did not appear in the trial court, file a notice of appeal, or submit a brief.

RUIZ, *Senior Judge*: Appellants Marilyn Kubichek and Dorothy Baldwin appeal the Superior Court's grant of a motion to dismiss their negligence action against Eduardo Samonte, appellee, and Unlimited Biking Washington, D.C., LLC. Specifically, appellants contend that: (1) the case should not have been dismissed as to Unlimited Biking because it never filed an answer or moved to dismiss the complaint, and (2) the Superior Court erred in concluding that the various orders issued by the Superior Court during the COVID-19 pandemic did not toll the limitations period for their negligence claims. We disagree on both counts and affirm the grant of the motion to dismiss.

## I. Background and Procedural History

This appeal relates to a negligence action stemming from a Segway accident. On October 11, 2019, appellants Marilyn Kubichek and Dorothy Baldwin were walking on the sidewalk of 12th Street NW, in Washington, D.C. At the same time, appellee Eduardo Samonte was participating in a guided Segway tour run by Unlimited Biking. While operating his Segway, appellee Samonte struck both appellants.

Before appellants filed their complaints, on March 18, 2020, in response to the COVID-19 pandemic, the Joint Committee on Judicial Administration authorized the Chief Judge of the Superior Court of the District of Columbia to issue

orders tolling statutory deadlines ("tolling orders").  The first such order, issued on March 19, 2020, tolled some statutes of limitation for the duration of the emergency.  A succession of orders extended the emergency period in civil cases until March 31, 2021.

On December 30, 2022, appellants jointly filed two complaints: one alleged that appellee Samonte negligently operated the Segway and caused their injuries, and the other alleged that Unlimited Biking failed to train and supervise him.  On March 8, 2023, appellee Samonte filed a motion to dismiss the complaint against him, arguing that it was filed after the three-year statute of limitations for negligence expired on October 11, 2022.  Appellants opposed the motion to dismiss, arguing that their limitations period fell within the scope of the Superior Court's tolling orders.

The Superior Court consolidated the two cases filed by appellants against Samonte and Unlimited Biking.  Judge Hiram Puig-Lugo granted appellee Samonte's motion to dismiss, concluding that the COVID-19 emergency orders tolled only those deadlines that fell within the tolling period, or deadlines that arose from a claim that accrued during the tolling period.  Because the Segway accident occurred before the tolling period began, and the three-year statutory limitations deadline was after the tolling period expired, Judge Puig-Lugo concluded that

appellants' limitations period was not tolled.

Appellants challenge the trial court's order of dismissal.

## II. Jurisdiction

The parties before the court – appellants Kubichek and Baldwin and appellee Samonte – are in agreement that the trial court dismissed the complaints filed against both defendants, Samonte and Unlimited Biking. We consider the scope of the trial court's order of dismissal first as it could affect our jurisdiction to hear his appeal. *See D.C. Dep't of Corr. v. D.C. Dep't of Emp. Servs.*, 308 A.3d 699, 702 (D.C. 2023) ("[W]e have an independent obligation to confirm our own jurisdiction before ruling on the merits of a case.").

With limited exceptions not applicable here, our jurisdiction over appeals from the Superior Court is confined by statute to the review of "all final orders and judgments." D.C. Code § 11-721(a)(1). "Normally, an order or judgment is deemed to be final 'only if it disposes of the whole case on its merits so that the court has nothing remaining to do but to execute the judgment or decree already rendered.'" *Rolinski v. Lewis*, 828 A.2d 739, 745-46 (D.C. 2003) (en banc) (quoting *In re Est. of Chuong*, 623 A.2d 1154, 1157 (D.C. 1993) (en banc)). The requirement that the trial court proceeding be concluded in its entirety before an appeal may be taken "serves the important policy goals of preventing 'the unnecessary delays resultant from

piecemeal appeals' and 'refrain[ing] from deciding issues which may eventually be mooted by the final judgment.'" *Id.* at 745 (quoting *Crown Oil & Wax Co. v. Safeco Ins. Co.*, 429 A.2d 1376, 1379 (D.C. 1981)). The requirement discourages "the harassment and cost of a succession of separate [interlocutory] appeals" and fosters "efficient judicial administration." *Id.* at 745 n.8 (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)) (internal quotation marks and citations omitted). Therefore, if the claims against Unlimited Biking remained pending, an order dismissing only claims against Samonte would not be final and appealable.

The parties dispute whether Unlimited Biking was served – appellants claim that Unlimited Biking was served, but appellee Samonte asserts that there is no definitive evidence to support appellants' contention. We agree that the record is inconclusive as to whether Unlimited Biking was served.[2] But our jurisdictional analysis is not dependent on whether or not Unlimited Biking was served. We have concluded an order is final and appealable when all claims have been dismissed, including against an unserved defendant, on grounds for dismissal asserted by a served party. *See Artis-Bey v. District of Columbia*, 884 A.2d 626, 629-30 (D.C. 2005) (dismissing claims against all defendants, on motion filed by one defendant,

---

[2] Both plaintiffs were given additional time to serve Unlimited Biking, but it is unclear from the docket whether Unlimited Biking had been served when the trial court dismissed the complaints.

for claimant's failure to exhaust grievance appeal process prior to suit); *Moradi v. Protas, Kay, Spivok & Protas, Chartered*, 494 A.2d 1329, 1332 n.6 (D.C. 1985) (noting the trial court "went beyond the limits of appellee's motion and dismissed the entire complaint").

That is the situation we face here as we agree with the parties' assertion that Judge Puig-Lugo's order is best understood as having dismissed the complaints against both Samonte and Unlimited Biking. The trial court's order included Unlimited Biking in the case caption and, in granting the motion to dismiss, declared the case was "closed." The trial court docket shows no further proceedings with respect to Unlimited Biking. Accordingly, as the trial court's order dismissed the case in its entirety, it was final, and its appeal is properly before us.

### III.   Statute of Limitations Defense

Appellants assert that dismissal of their complaint against Unlimited Biking was improper because it did not move to dismiss on the ground that the complaint was time-barred, and the statute of limitations is an affirmative defense that the trial court may not raise *sua sponte* on behalf of a defendant. We review the grant of a motion to dismiss de novo, presuming the complaint's factual allegations to be true, and construing inferences in the light most favorable to the plaintiff. *Bleck v. Power*, 955 A.2d 712, 715 (D.C. 2008).

It has long been established that the statute of limitations is an affirmative defense that "must be set forth in a responsive pleading, and may be waived if not promptly pleaded." *Whitener v. WMATA*, 505 A.2d 457, 458 (D.C. 1986) (citing Super. Ct. Civ. R. 8(c)) (citation and internal quotation marks omitted). The defense is "affirmative" in the sense that it is the defendant's burden to raise it and show that the claim was untimely filed. The claimant then has an opportunity to oppose the motion. Super. Ct. Civ. R. 12-I (e). In light of the allocated burden, the right to oppose the motion to dismiss, and the possibility of waiver, the trial court "ordinarily should not raise [the defense] *sua sponte*." *Feldman v. Gogos*, 628 A.2d 103, 105 (D.C. 1993) (internal quotation marks omitted). In *Feldman* we considered a situation where the trial court, without motion by any defendant, dismissed a complaint as untimely. We assumed – but did not decide – that if the trial court had authority to raise the statute of limitations defense *sua sponte*, "it should not do so unless, at a minimum, the expiration of the statute 'is clear from the face of [the] complaint.'" *Id*. (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)). Because there was some question as to whether the limitations period had been tolled by a partial payment on a debt, we reversed the order of dismissal as the expiration of the statute of limitations was "by no means clear" on the face of the complaint and the plaintiff "should at least be permitted to litigate it 'when and if that defense is asserted . . . .'" *Id*. (quoting *Davis v. Bryan*, 810 F.2d 42, 45 (2d Cir. 1987)).

We hew to the general rule that ordinarily trial courts should not raise a statute of limitations defense *sua sponte*; it is for the defendant to do so.  Nor do we think that this case would come under *Feldman*'s (assumed) exception where the application of the statute of limitations is clear on the face of the complaint, as the proper interpretation of the relevant Superior Court tolling orders was disputed at the time of the trial court's order and remained unresolved until our opinion in *Tovar v. Regan Zambri Long, PLLC* settled the question this past year.  317 A.3d 884, as amended 321 A.3d 600 (D.C. 2024).  However, we recognize a narrow exception to the general rule in this case.  Here, the trial court did not act entirely *sua sponte* because (unlike in *Feldman*), one defendant, Samonte, did assert the limitations defense.  Also, unlike in *Feldman*, appellants had an opportunity to litigate the proper application of the Superior Court's tolling orders in objecting to Samonte's motion to dismiss.  Even if interpretation of the tolling orders was in dispute, the facts were not: the date the claim accrued and the expiration of the three-year statute of limitations were clear on the face of the complaints.  Those facts, as well as the application of the Superior Court's tolling orders, were exactly the same with respect to the claims against both defendants.  In these circumstances, the trial court did not err in dismissing both complaints when deciding the motion to dismiss filed by appellee Samonte.

The trial court also correctly decided that the various tolling orders issued by the Superior Court during the COVID-19 pandemic did not toll the limitations period for appellants' negligence claims. The statute of limitations for negligence actions for personal injury damages is three years. D.C. Code § 12-301(a)(8); *Bussineau v. President & Dirs. of Georgetown Coll.*, 518 A.2d 423, 425 (D.C. 1986). The complaint alleges (and the parties agree) that appellants' injuries occurred on October 11, 2019. Therefore, the statute of limitations, if not tolled, expired on October 11, 2022, before appellants filed their complaints.

The Superior Court's first tolling order, issued March 19, 2020, provided, in relevant part, that:

> [u]nless otherwise ordered by the court, all deadlines and time limits in statutes, court rules, and standing and other orders issued by the court that would otherwise expire before May 15, 2020 including statutes of limitations, are suspended, tolled, and extended during the period of the current emergency.

A succession of orders extended the emergency period for civil cases to March 31, 2021.

We recently interpreted the scope of the emergency tolling orders in *Tovar*, 321 A.3d at 600. We determined that "[t]he phrase 'that would otherwise expire

during the period of emergency' modifies all the listed terms having 'deadlines and time limits,' including statutes of limitations. Thus, to qualify for tolling, the deadline must have fallen within the period between March 18, 2020, and March 31, 2021." *Id.* at 617. As a result, in civil cases, "the tolling orders tolled the limitations period only in cases where the limitations period expired during the March 18, 2020, to March 31, 2021, period." *Id.* at 618. Because appellants' three-year statute of limitations did not expire during this period, but continued until October 11, 2022, it was not tolled. We, therefore, affirm the Superior Court's dismissal of appellants' complaints as untimely filed.

*So ordered*.